SAMUEL S. HOUGHTON & others *vs.* CITY OF BOSTON & another.

Suffolk.    December 8, 1892. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Tax — Payment by Check — Collector of Taxes.*

The Pub. Sts. c. 12, contemplate that taxes shall be paid to a collector of taxes in money; and if the collector, for the convenience of a taxpayer or of himself, receives a check in payment of a tax, in the absence of any agreement to the contrary, it is to be taken as a conditional payment, and, if the check is not paid, the claim for taxes is not satisfied, but the taxes can still be collected according to law.

BILL IN EQUITY, filed December 24, 1891, by the members of the firm of Houghton and Dutton, against the city of Boston and James W. Ricker, its collector of taxes, to enjoin the collection of a tax. Hearing before *Lathrop*, J., upon agreed facts, the material portions of which are as follows.

The plaintiffs have their usual place of business in Boston, and were assessed on the first day of May, 1891, a tax on their stock in trade amounting to $3,402, and the tax was duly remitted to the defendant Ricker for collection. On October 30, 1891, between nine and ten o'clock in the forenoon, a messenger from the plaintiffs brought to the collector's office, and gave to one of the collector's clerks, two checks, one for $945, and one for $2,457, the latter of which was drawn on the Maverick National Bank of Boston, and also the tax bill for $3,402. The employee of the collector took the checks, stamped and receipted the tax bill, and gave it to the messenger, and entered the checks on a list which he kept of the checks and moneys received by him that day. Nothing was said by the messenger to the clerk, or by the clerk to the messenger, as to the check.

The collector, by his cashier, received during Friday, October 30, the sum of $655,526.45, of which $612,781.97 was represented by checks, including the check in controversy, and, after the closing of the office at two o'clock, P. M., prepared a list of the checks and moneys so received and of the corresponding taxes, and between nine and ten o'clock A. M. of Saturday, October 31, the cashier of the collector handed to the city treasurer the list, checks, and moneys. The city treasurer, by his clerks, caused the checks to be listed and entered on the books of the office, and about noon of that day deposited the checks to the credit of the city in certain banks, the check for $2,457 being deposited by him in the National Bank of the Republic, which bank was a member of the clearing-house association, of which the Maverick Bank was also a member. The plaintiffs had sufficient funds on deposit in the Maverick Bank to have paid the check if presented on Friday or Saturday, and the check would have been paid if presented at that bank prior to the close of banking hours on Saturday.

On Sunday, November 1, the bank examiner was instructed by the Comptroller of the Currency to take possession of the

funds of the Maverick Bank, and close the same for business, and in consequence the bank did not open for business on Monday morning. The check was returned on Monday, November 2, from the clearing-house to the National Bank of the Republic, and was immediately returned by that bank to the city treasurer, and by him to the city collector, and the treasurer removed from his books the credit he had given to the city collector for the check. On Monday, about noon, the cashier of the city collector returned the check to the plaintiffs, and informed them that it was not paid, and demanded payment of the tax.

The collector had given no special instructions to the clerk who received the check concerning taking checks or receipting tax bills, and did not know that any check of the plaintiffs was taken until Monday, November 2, when the check was returned to him by the city treasurer. The check was taken in accordance with the usage of the collector's office of many years' standing, and is the ordinary usage of business firms in Boston. The custom is for the convenience of tax-payers to receive their checks for the amount of their taxes, receipt their tax bills when the checks are presented in person, and turn the checks over to the city treasurer for deposit and collection. If the amount of the check was credited to the collector by the city treasurer, the tax was paid and the receipt was to stand; that is, the collector takes the check as an impliedly conditional payment, the condition being that the checks will be paid and the amount credited to him by the city treasurer. The well established usage of national banks in Boston, known to the plaintiffs, is, that all checks are exchanged at a clearing-house held every morning by the clerks representing each bank. The exchange takes place at ten o'clock, and includes only checks held by each bank at the close of the previous day's business, and each bank receiving through its clerk a check from the clearing-house, by usage, has the right to return any of the checks which it has not the funds to pay at any time before twelve o'clock at noon, and the balances due to and from the several banks are settled in money at twelve o'clock of each day. It is also the settled usage in Boston with persons having bank accounts to deposit in their own banks checks received by them on any other bank. This usage is in long standing, and well known at all the banks of Boston, and

among those keeping accounts at such banks. The check in question was deposited on Saturday before twelve o'clock, but, in accordance with this usage, was not presented at the clearing-house until Monday at ten o'clock, at which time the Maverick Bank had failed, and its checks were thrown out of the clearing-house settlements.

The case was reserved, at the request of the parties, for the consideration of the full court; such decree to be entered as justice might require.

*J. O. Teele*, for the plaintiffs.

*T. M. Babson*, for the defendants.

FIELD, C. J.  A collector of taxes is a public officer, and his powers and duties generally are defined in the Pub. Sts. c. 12. *Dunbar* v. *Boston*, 112 Mass. 75. The provisions of this chapter imply that taxes are to be collected in money, and that, if they are not so collected, the collector may levy the same by distress and sale of goods, or, if he cannot find sufficient goods, then by arrest and imprisonment, and taxes assessed on real estate may also be levied by a sale of the real estate, and in certain cases the collector may maintain an action of contract to recover taxes as for his own debt. A collector is liable to the town or city for all taxes on the tax list committed to him which by his fault he does not collect. *Colerain* v. *Bell*, 9 Met. 499. But the power which a collector has by statute of compelling the payment of taxes, he holds for the benefit of the town or city whose collector he is. If he dies, resigns, or is removed from office, and another collector is appointed, the new collector has the same power to collect all the taxes on the tax list which remain unpaid.

· The check under our laws was not an assignment of the funds in the bank to the extent of the sum of money for which it was drawn, and the plaintiffs still remain entitled to receive on the whole amount of the deposits standing to their credit the dividends which have been declared by the receiver of the bank. As between merchants, a check is usually to be considered as conditional payment, that is, as payment if it is in fact paid. If it is not paid we think that the original cause of action is not discharged unless the check has been taken as absolute payment. If the check is not seasonably presented, and the bank meantime fails, the drawer of the check cannot be held upon the check,

and the person whose duty it was to present the check for payment may become liable for the damages which the drawer suffers thereby, if he suffers any damages, but these may be less than the amount of the check. We are of opinion that the statutes contemplate that taxes should be paid to the collector of taxes in money; that if the collector, for the conveniance of tax-payers or of himself, receives checks, in the absence of any agreement to the contrary, they are to be taken as conditional payment, and that if they are not paid the claim for taxes is not satisfied, but that the taxes can still be collected according to law. If the collector has been negligent in presenting a check whereby the drawer has suffered loss, it may be that he is personally liable therefor. We express no opinion whether on the facts of this case the check was seasonably presented, so as to absolve the collector or the treasurer from liability to the drawers for damages suffered by the failure of the bank.

*Bill dismissed.*