## M. M. BARNARD v. J. A. MERCER, *as Treasurer of Phillips County.*

1. TAXES — *Payment of Draft, Refused by Drawee.* A county treasurer has no authority to receive a draft in payment of taxes, and where a draft is sent for that purpose, if payment is refused by the drawee, the county treasurer, even after having issued a tax receipt and marked the taxes "Paid" on the tax roll, may proceed to collect the taxes from the lands against which they are charged.

2. DRAFT SENT — *Amount Thereof Paid — Tax Discharged — Injunction.* Where a draft or check is remitted to a county treasurer in payment of taxes, and the amount thereof is in fact paid into the treasury, the tax is discharged; but an examination of the testimony in this case fails to show without dispute that payment was in fact made, and the judgment of the trial court refusing to enjoin the collection of the tax is therefore sustained.

### *Error from Phillips District Court.*

THE plaintiff in error brought this case against the defendant, as county treasurer of Phillips county, to restrain the collection of the taxes for the year 1892, on certain lands owned by the plaintiff in said county, alleging that the taxes had been paid and a receipt therefor duly issued, but that the defendant had advertised the lands for sale for such taxes, and intended to sell them on the first Tuesday of September, 1893. A temporary injunction was granted, and thereafter the defendant answered, denying that the taxes had been paid. On this issue the case was tried, and judgment rendered in favor of the defendant for costs. The principal facts, as disclosed by the evidence, are, that the plaintiff, who resided at Long Island, near the northwest corner of the county, made arrangements with the Commercial State Bank, of Long Island, to pay her taxes. On the 20th of December, 1892, Giffen Culbertson, president of the bank, drew a draft on the Capital National Bank, of Lincoln, Neb., for $698.32, which he sent to the defendant, as treasurer, together with a list of property, including that of the plaintiff, for the purpose of paying the taxes thereon. This draft and accompanying list

were received about the 23d of December, 1892. On or about the 20th of January, 1893, he indorsed the draft, and deposited the same in the Phillips County Bank, which was the county depository of public funds. The Capital National Bank, of Lincoln, failed on the 21st of January, 1893, before the draft was presented. It is claimed, on behalf of the plaintiff, that the Metropolitan National Bank, of Kansas City, Mo., by direction of the Long Island bank, paid and took up the draft and returned it to the Long Island bank on the 26th of January, 1893. Culbertson testified that he credited the Metropolitan National Bank with the amount of the draft, and that the Metropolitan National Bank charged the Long Island bank with the amount of it. On or about the 1st of February, he states that he put the draft, with others, in his pocket, took them to Lincoln, Neb., and left them with the American Exchange National Bank, of Lincoln, for protest and collection for his account. On the 4th of February, these drafts, together with others, amounting in all to $2,753.86, were returned to the Phillips County Bank, which presented them to the defendant for payment. He thereupon drew his check, as treasurer, for $2,753.86, and took up the protested drafts. The draft and indorsements thereon are as follows:

"$698.          COMMERCIAL STATE BANK.          No. 14730.

LONG ISLAND, Kas., December 20, 1892.

"Pay to the order of J. A. Mercer, treasurer, ($698.32) six hundred ninety-eight and $\frac{32}{100}$ dollars, in current funds.

GIFFEN CULBERTSON, *President.*

"*To Capital National Bank, Lincoln, Neb.*"

Indorsed across the face: "Protested for nonpayment, February 1, 1893.—D. G. WING, *Notary Public.*"

Indorsed on back as follows: "Pay Phillips County Bank, Phillipsburg, Kas., or order, for collection, account of county treasurer of Phillips county, Kansas.—J. A. MERCER, *County Treasurer.*"

"Pay the State National Bank, of St. Joseph, Mo., or order, for collection, account Phillips County Bank, Phillipsburg, Kas."

"Pay for collection, for account of State National Bank, January 21, 1893, St. Joseph, Mo.— E. LINDSAY, *Cashier.*"

"Pay for collection, for account of Metropolitan National Bank, January 25, 1893, Kansas City, Mo.— J. G. STREAN, *Cashier.*"

The plaintiff, *Barnard,* brings the case to this court.

*C. A. Lewis,* and *G. A. Spaulding,* for plaintiff in error.

*Geo. W. Stinson, C. Angevine,* and *Frank Stinson,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The plaintiff claims that, under the facts stated, the taxes were paid, and the tax lien discharged. A tax receipt was issued by the county treasurer, and the taxes were marked paid on the tax roll. The court, however, holds that they were not paid in fact, and the only question we are required to determine is, whether the evidence, taken all together, shows, without contradiction, that the taxes were paid. The general rule is, that taxes can only be paid in money, unless the law specifically authorizes the treasurer to receive something else. (*Judd v. Driver,* 1 Kas. 455.) A check or draft given to a collector for the payment of taxes does not discharge the tax, unless the check or draft be in fact paid. (*Houghton v. City of Boston,* 159 Mass. 138; Black, Tax Tit., § 50; 2 Blackw. Tax. Tit., § 825; 2 Desty, Tax'n, 693.) Under the authorities, the actual acceptance by the treasurer of a draft in payment of the taxes would not bind the public, if the draft afterwards proved to be worthless. The reason is that the treasurer is absolutely without power to discharge the rights of the public to the payment of the tax for anything else than money, or such warrants or public securities as the law specifically authorizes him to receive.

The main difficulty in this case probably arises from the fact that the treasurer held the draft so long that, if the transaction had been between individuals, the loss occasioned by the failure of the Lincoln bank would have fallen on

him; but neither the taxpayer alone, nor with the aid of the treasurer, can impose on the public the risks incident to private commercial paper.   If the taxpayer sees fit to send drafts to the county treasurer, the tax will only be paid when the money actually finds its way into the public treasury or depository.   Whatever right of action, if any, the taxpayer or the Long Island bank may have against the treasurer personally for his delay in promptly forwarding the draft for payment, he has none as against the claim of the county for public dues.   It is insisted, however, that the draft was in fact paid.   First, it is contended that when the treasurer deposited the draft in the Phillips County Bank he received credit for it, against which he might draw for public purposes. This claim cannot be sustained.   The draft was indorsed by the treasurer for collection only.   It was not accepted by the bank as money, nor was it in fact drawn out and used.

The plaintiff further insists, that the draft was in fact taken up by the Metropolitan National Bank, of Kansas City, and returned to the Long Island bank; that the Metropolitan National Bank did so under instructions from the drawer; that the amount was charged by the Metropolitan National Bank against the Long Island Bank, and that the Long Island bank gave the Metropolitan National Bank credit, and that this operated as a full payment and discharge of the draft.

It is urged, with much ingenuity and plausibility, that this canceled and discharged the paper, and that a reissue of it could not affect the rights of anyone.   Culbertson, who drew the draft as president of the Long Island bank, afterward had presentment made to the drawee, the paper protested, and returned to the Phillips County Bank for collection as a protested bill, and it appears it was so collected, the county treasurer being entirely ignorant of the transaction now claimed by the plaintiff to amount to a payment by the drawee.   We cannot hold that the mere passing of credits between the Long Island bank and its Kansas City correspondent, without any showing of an actual remittance of

funds to the county depository, amounts to an actual payment, into the county treasury of the money represented by the paper. Whatever effect that might have as between the individuals directly interested in it, it is a transaction to which the public is in no sense a party. Unless it resulted in actually lodging funds in the county depository to the credit of the defendant, as county treasurer, the public interests could not be in any manner affected by it.

It appears that the Long Island bank caused the protested draft to be taken up by the county treasurer, and then refused to pay over to the county treasurer the amount of it. The Long Island bank also proved up its account against the Lincoln bank, including the amount covered by the protested drafts, and received a dividend of 10 per cent. thereon.

It is clearly apparent that not a dollar remains in the county treasury in fact in payment of these taxes. We think the finding of the court that the tax was not paid is fully supported by the evidence, that its ruling on the law applicable to the case was right, and the judgment is therefore affirmed.

All the Justices concurring.