## EDISON ELECTRIC ILLUMINATING CO. OF BOSTON v. TIBBETTS.

(Circuit Court of Appeals, First Circuit. April 23, 1917.)

No. 1251.

BANKRUPTCY ⬤164—RIGHTS OF TRUSTEE—DEPOSIT—PAYMENT AFTER ADJUDICATION.

The trustee in bankruptcy can recover the amount of the check given by the bankrupt in good faith before adjudication, but deposited in a bank other than the one on which it was drawn, and not presented to the drawee bank until after adjudication, though none of the parties knew of the adjudication when the amount was paid to the payee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267.]

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

Petition by G. Wallace Tibbetts, as trustee in bankruptcy, against the Edison Electric Illuminating Company, of Boston, to recover the amount of a check given by the bankrupt to respondent and cashed by it after the adjudication. Decree for petitioner, and respondent appeals. Affirmed.

The opinion of Morton, District Judge, in the court below, is as follows:

The check for $502.68 was delivered to the Edison Electric Illuminating Company by the bankrupt in good faith, and in order to prevent the light from being shut off his hotel, two days before his voluntary petition in bankruptcy. It was not presented by the Edison Company directly to the drawee bank, but was deposited in another banking institution for collection, and was presented through the clearing house. It was paid by the bank after the petition and adjudication, but before any of the parties, except the alleged bankrupt, knew of those facts. The institutions through which the collection was made acted, in so doing, as agents of the Edison Company.

In legal effect the case is the same as if the Edison Company itself had retained the check and had not presented it for payment until after the drawer had been adjudicated bankrupt, and had then done so in good faith and without knowledge, either on its part or on that of the drawee bank, of such bankruptcy. Upon such facts, is the payee entitled as against the trustee in bankruptcy to retain the sum received on the check? The delivery of the check did not operate as an assignment or segregation of the funds on deposit, nor impress those funds with any trust in favor of the payee. The check was a draft which it was the duty of the drawee to pay upon presentation as long as it had funds available therefor. Fourth Street Bank v. Yardley, 165 U. S. 634, 643, 17 Sup. Ct. 439, 41 L. Ed. 855; Holbrook v. Payne, 151 Mass. 383, 385, 24 N. E. 210, 21 Am. St. Rep. 456; Negotiable Instruments Act, Rev. Laws Mass. c. 73, § 206. The delivery of the check was not a completed transfer of the debtor's property. By the general law it did not extinguish his liability to the Edison Company until it was paid. Downey v. Hicks, 14 How. 240, 14 L. Ed. 404; Segrist v. Crabtree, 131 U. S. 287, 9 Sup. Ct. 687, 33 L. Ed. 125. Cf. Houghton v. Boston, 159 Mass. 138, 34 N. E. 93. The Edison Company acquired no rights in the money received on the check until the actual payment thereof. The effect of the transaction is to be determined as of that time.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Upon the adjudication—which in voluntary cases like this is to be considered as immediately following upon the filing of the petition (In re Hurley, 185 Fed. 851 [D. C. Mass.])—the bankrupt's deposit came into the complete custody of the bankruptcy court. Thereafter it was no longer his property. 2 Remington on Bankruptcy, § 1274. The legal title was still in him, but he held it only for the trustee when one should be qualified; and he was unable to effect any valid transfer of it, except possibly for full value, in the ordinary course of business. Certainly the estate could not be diminished by any act of his after that time. Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; Pratt v. Bothe, 130 Fed. 670, 65 C. C. A. 48 (C. C. A. 6th Cir.); In re Waite-Robbins Motor Co., 192 Fed. 47 (D. C. Mass.); 1 Remington on Bankruptcy (2d Ed.) §§ 1120, 1121. If, instead of having delivered the check before the petition and adjudication, he had not done so until afterward, and the payee, in ignorance of the facts, had collected it, it is clear that the payee could not, as against the trustee in bankruptcy, retain the money so received. State Bank v. Cox, 143 Fed. 91, 74 C. C. A. 285, 16 Am. Bankr. R. 32 (C. C. A. 7th Cir.). The prior delivery of the check did not enlarge the payee's rights. The contrary view would open such a broad avenue of fraud that I should hesitate to take it unless compelled to do so. The money which the Edison Company received belonged to the trustee in bankruptcy; no consideration was at that time given for it; and it must be returned to him. In Laclede Bank v. Schuler, 120 U. S. 511, 7 Sup. Ct. 644, 30 L. Ed. 704, a somewhat similar controversy between the holder of a check and a common-law assignee was resolved in favor of the assignee. The rights of a trustee in bankruptcy in the debtor's property, as of the date of adjudication, are at least as great as those of an assignee in possession.

It may be that, as between the trustee and the bank, the latter would be protected by reason of the agreement under which deposits are customarily accepted. See In re Zotti, 186 Fed. 84, 108 C. C. A. 196, Ann. Cas. 1911A, 240; Reed v. Mattapan Del. & Tr. Co., 198 Mass. 306, 84 N. E. 469. No such question arises between the trustee and the Edison Company.

The learned referee's finding that the payment was not a recoverable preference is affirmed; but his further conclusion that the trustee was not entitled to recover seems to me to have been erroneous. The order of the referee dismissing the petition is vacated. The petitioner may present a draft decree in accordance with this opinion.

M. L. Fahey and Burdett, Wardwell & Ives, all of Boston, Mass., for appellant.

C. C. Barton, Jr., of Boston, Mass. (Barton & Harding, of Boston, Mass., on the brief), for appellee.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. The question presented on this appeal has been fully and ably considered in the opinion of the court below, and we see no reason for departing from the conclusion there reached.

The decree of the District Court is affirmed, with interest, and the appellee recovers the costs of appeal.