In re **FULLER** et al.

(Circuit Court of Appeals, Second Circuit. November 5, 1923.)

1. Bankruptcy ⟺101—Mutual accounts between bankrupt and bank closed when petition filed.

The mutual accounts between a bankrupt and his bank of deposit are closed by operation of law at the time the petition in bankruptcy is filed.

2. Bankruptcy ⟺101—Receiver entitled to custody of deposit.

Receiver of a bankrupt is entitled to the custody of bank deposit of bankrupt, where it plainly appears that there is no outstanding claim thereto with color of title.

3. Bankruptcy ⟺288(1)—Banks holding deposits adverse claimants, not subject to summary jurisdiction.

Banks holding deposits of bankrupts are debtors, and ordinarily are adverse claimants, not subject to summary jurisdiction.

4. Bankruptcy ⟺288(1)—Claimant of bank deposit must be remitted to adjudicate claim in plenary suit.

If there is substantial basis for an adverse claim to a bank deposit of a bankrupt, and such claim is not merely colorable, the claimant must be remitted to adjudicate his claim in a plenary suit.

5. Bankruptcy ⟺288(1)—What constitutes colorable claim to bank deposit as affects summary jurisdiction.

Whether a claim to a bank deposit of a bankrupt is real or colorable, as affecting summary jurisdiction, does not depend on whether it turns on a question of fact or law, and if a claim rests on a mere pretense of fact or of law it is colorable, but not if it is put forth in good faith and is real.

6. Bankruptcy ⟺288(1)—Jurisdicton of court to proceed in summary manner depends on record, and may be ousted by proof.

Whether a bankruptcy court has jurisdiction to proceed in a summary manner to obtain possession for the receiver of a bank deposit depends

on the facts disclosed by the record, and while it may have jurisdiction to institute such summary proceedings, it may be ousted therefrom by presentation of facts showing that title is claimed by another.

7. **Bankruptcy** ⟾288(1)—**What are "adverse claims."**

A claim by a third party to a bank deposit of bankrupt is adverse if the evidence offered has a basis, and is sufficient, if uncontroverted, to establish the validity of the claim.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Claim.]

8. **Bankruptcy** ⟾288(1)—**Order denying application to direct bank to pay receiver moneys on deposit proper.**

An order denying an application to direct bank to pay deposit to receiver of bankrupt *held* proper, where check to adverse claimant, who had brought suit thereon, was issued before the petition was filed, and presented the same day the bank received notice of receiver's appointment, and receiver did not demand funds until after bank had refused to pay the check.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the estate of Edward M. Fuller and William F. McGee, individually and as copartners doing business as E. M. Fuller & Co., alleged bankrupts. Petition of Samuel Strasbourger, as receiver, to revise an order denying an application to direct the Coal & Iron National Bank to pay to the receiver moneys on deposit. Order affirmed.

Francis L. Kohlman and Carl J. Austrian, both of New York City, for petitioner.

Cook, Nathan & Lehman, of New York City (Edgar M. Souza and Louis M. Loeb, both of New York City, of counsel), for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. A petition in bankruptcy was filed against E. M. Fuller & Co. on the 26th day of June, 1922. On that day they were depositors of the Coal & Iron National Bank of the City of New York. On June 27, 1922, a check dated June 24, 1922, for $2,500.48 was issued by the alleged bankrupts drawn on their account in the bank and was presented for payment through the New York Clearing House. On the same day the bank was served with an order advising it of the appointment of a receiver. The bank returned the check unpaid through the proper channels. No written indorsement of nonpayment of the check was placed thereon, but there was indorsed notice that a receiver had been appointed by the United States District Court. At that time the alleged bankrupts had on deposit $8,899.09. The attorney for the payee of the check formally demanded that the bank pay $2,500.48 from the fund then standing to the credit of the alleged bankrupts. This demand was refused, because of the appointment of the receiver in bankruptcy. On August 7, 1922, the payee instituted a suit in the state Supreme Court against the bank to recover this sum. On July 13, 1922, a formal demand of the entire balance to the credit of the bankrupts was made by the receiver. This was refused because of the claim of the payee, Christopher.

Thereafter a motion was made for an order directing the bank to pay the entire balance then standing to the credit of the alleged bankrupts, and upon consent of the bank it was granted to the extent of $5,899.51, leaving a balance of $2,500.48. The order directed that this be held "subject to an order which will be made by one of the Justices of the Supreme Court of the state of New York on a motion interpleading and substituting Samuel Strasbourger (the petitioner herein) as receiver of the defendant, in the place and stead of the Coal & Iron National Bank of the City of New York, in the suit in said court, in which Harry B. Christopher is plaintiff and said the Coal & Iron National Bank of the City of New York is defendant." The bank made a motion to interplead the receiver as a party defendant, and asked permission to deposit the money in the state court and be released from further claim or liability in the matter. This application was denied by a Supreme Court justice and that result was affirmed by the Appellate Division of the Supreme Court of the state of New York. 197 N. Y. Supp. 903. Thereafter the motion resulting in the order sought to be revised was made. The order denying the motion recites "that the said motion be denied without prejudice."

[1, 2] It thus appears that there are two adverse claimants to the funds now on deposit in the bank, the receiver and Christopher. The mutual accounts between a bankrupt and his bank of deposit are closed by operation of law at the time a petition in bankruptcy is filed. In re Michaelis & Lindeman (D. C.) 196 Fed. 718. The receiver is entitled to the custody of the fund, where it plainly appears that there is no outstanding claim thereto with color of title. It has been held where a bank pays a check drawn by a depositor to a payee in ignorance of the filing of an involuntary petition in bankruptcy against the depositor, where the receiver qualified on the day of the payment of the check, and who does not make a demand for the depositor's fund until after the check is honored, that a trustee subsequently elected may not recover from the bank the amount paid on the check. In re Zotti, 186 Fed. 84, 108 C. C. A. 196, Ann. Cas. 1914A, 240. The filing of a petition is a caveat to all the world, and is in effect an attachment and injunction, and, on adjudication, the title to the bankrupt's property becomes vested in the trustee, with actual or constructive possession, and places the fund in the custody of the bankruptcy court. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. In the Zotti Case, supra, this court held that it was never intended that a bank, which had honestly paid checks of the depositor without notice that a petition in bankruptcy had been filed against such depositor, could be compelled to pay it over again, and it was announced that it was only where a bank refused to pay moneys which it had received prior to the filing of the petition, and still had moneys which it had collusively transferred, that a summary order may be issued compelling it to pay to the trustee.

[3-8] Banks holding deposits are debtors, and ordinarily are adverse claimants, not subject to summary jurisdiction. If there is a substantial basis for an adverse claim, and such claim is not merely colorable, the claimant must be remitted to adjudicate his claim in a plenary suit.

In re Howe (D. C.) 235 Fed. 908; affirmed, Edison Electric Illuminating Co. of Boston v. Tibbetts, 241 Fed. 468, 154 C. C. A. 300. Whether a claim is real or colorable does not depend upon whether it turns upon a question of fact or of law. If a claim rests upon the mere pretense of fact or of law, it is colorable; but it is not colorable if it is put forth in good faith and is real. Whether a bankruptcy court has jurisdiction to proceed in a summary manner depends upon the facts disclosed by the record, and while it may have jurisdiction to institute such summary proceedings, it may be offset therefrom by presentation of facts showing that title to such property is claimed by another. A claim is adverse if the evidence offered has a basis for and is sufficient if uncontroverted to establish the validity of the claim. In re Franklin Brewing Co. (C. C. A.) 263 Fed. 518; 1 Collier on Bankruptcy (13th Ed.) 1923, pp. 784, 785. Christopher's check was issued before the petition in bankruptcy was filed. He has asserted his claim in a state Supreme Court action. The receiver did not demand the funds in the bank until after the transaction with the Christopher check had transpired, and a certified copy of the order appointing the receiver was served on the bank the same day that the check was presented through the clearing house for payment. Had the check been paid by the bank previous to notice of the appointment of the receiver, no claim would exist against the bank, whatever may have been the rights as against Christopher. We think the court properly denied the application.

Order affirmed.

HOUGH, Circuit Judge, heard the argument and concurred in the conclusion reached, but has not seen the opinion as prepared, because of necessary absence.