Note.—Reported in 207 N. W. 982. See. Headnote (1), American Key-Numbered Digest, Taxation, Key-No. 527, 37 Cyc. 1158; (2) Taxation, Key-No. 550, 37 Cyc. 1158; (3) Taxation, Key-No. 527, 37 Cyc. 1162 (Anno.); (4) Taxation, Key-No. 527, 37 Cyc. 1161; (5) Taxation, Key-Nos. 524, 527, 37 Cyc. 1158, 1162; (6) Taxation, Key- No. 527, 37 Cyc. 1160 (Anno.).

---

EGGLESTON, Respondent, v. PLOWMAN, County Treasurer of Kingsbury County, Appellant.

(207 N. W. 981.)

(File No. 5745. Opinion filed March 12, 1926.)

1. **Taxation—Payment—Tax Receipts—One Paying Taxes by Draft Cannot Demand Tax Receipt Until Draft Has Been Honored (Rev. Code 1919, Sec. 6765).**

   Taxpayer who gave draft to county treasurer in payment of taxes held not entitled to tax receipt where bank failed before draft was presented, since such receipt could not be issued till taxes are paid, under Rev. Code 1919, Sec. 6765, and treasurer had no authority to accept draft in payment.

2. **Payment—Payment by Draft or Check Held Conditional.**

   In absence of express agreement, payment by draft or check is conditional, becoming absolute when such draft or check is paid.

3. **Taxation — County Treasurer — Taxpayer's Obligation Held Not Extinquished by Treasurer's Retention of Draft Given in Payment of Taxes for Three Weeks, at Which Time Bank Failed.**
    Lack of diligence by county treasurer in retaining draft given in payment of taxes for three weeks without presenting it for payment held not to extinguish taxpayer's obligation after failure of bank; rule being different than in transaction between private individuals.

4. **Mandamus—Tax Receipts—Mandamus Will Not Lie to Compel Issuance of Tax Receipt, Where Taxes Were Not Paid in Contemplation of Law.**
    Mandamus will not lie to compel issuance of tax receipt where taxes were paid by draft and bank failed before it was presented for payment; such draft not being payment in contemplation of law.

Appeal from Circuit Court, Kingsbury County; Hon. M. MORIARTY, Judge.

Mandamus by S. G. Eggleston against H. H. Plowman, as County Treasurer of Kingsbury County. From a judgment awarding a peremptory writ, defendant appeals. Writ vacated, judgment reversed, and cause remanded, with instructions.

*Buell F. Jones,* Attorney General, and *B. D. Mintener,* Assistant Attorney General, for Appellant.

*Gardner & Churchill,* of Huron, for Respondent.

Appellant cited: Koones v. District of Columbia, 54 Am. Rep. 278; Johns v. McKibbon, 156 Ill. 71, 40 N. E. 449; Houghton v. Boston, 159 Mass. 138; Richards v. Hatfield, 40 Neb. 879, 59 N. W. 777; Barnard v. Mercer, 54 Kan. 630, 39 Pac. 182; Elliott v. Miller, 8 Mich. 132.

Respondent cited: Manitoba Mtg. Co. v. Weiss, 18 S. D. 459; Turner v. Hot Springs Nat'l Bank, 18 S. D. 498; Mankey v. Hoyt, 27 S. D. 581; Bank v. First Nat'l Bank (Ia.), 113 N. W. 481.

CAMPBELL, J.  Plaintiff on March 29, 1924, transmitted to defendant, county treasurer, a draft to the order of defendant drawn by an Iroquois bank on a St. Paul bank for the amount of certain taxes which would be payable by plaintiff April 1, 1924. At that time the Iroquois bank had funds on deposit in the St. Paul bank to meet the draft, which situation continued until April 22, when the Iroquois bank failed. Defendant failed to present

the draft for payment before April 22, and it has never been paid. For the purposes of this opinion we will assume that the delay in presentment was negligent and unreasonable upon the facts and circumstances of the particular case, although this is denied by defendant. Upon this state of facts plaintiff applied to the circuit court for a peremptory writ of mandamus to compel the defendant, in his official capacity as county treasurer, to issue and deliver to plaintiff tax receipts showing the plaintiff had paid the taxes embraced in said draft. The lower court entered judgment awarding the writ, and defendant appeals.

It must be borne in mind that this is not a proceeding by plaintiff against defendant as an individual to recover damages sustained by plaintiff because of unreasonable delay in presentment of the draft, and neither is it a case where the rights of an innocent third person are involved, as for example a purchaser who bought property on the faith of a tax receipt issued by the county treasurer showing payment of taxes which in fact had not been paid, as was the situation in such cases as Seward v. Fisken, 210 P. 378, 122 Wash. 225, 27 A. L. R. 1208, and Harris v. Stearns, 97 N. W. 361, 17 S. D. 439, on rehearing 108 N. W. 247, 20 S. D. 622.

[1] This proceeding is by the property owner himself against the defendant in his official capacity as a county officer seeking to compel the performance of an official duty, namely, the issuance of a tax receipt, which receipt the officer has no right to issue until the taxes are paid. Section 6765, Rev. Code 1919.

A county treasurer has no authority to accept anything other than money in payment of taxes, excepting in such instances, not here material, as the statute expressly otherwise provides, and in the instant case the treasurer had no right to accept the draft as payment of the tax, and did not in fact undertake or agree so to accept the draft.

[2, 3] It is the usual rule, in the absence of an express agreement otherwise, that payment by draft or check is conditional payment only, ripening into absolute payment when the draft or check is in fact paid. These propositions are conceded by appellant, but he undertakes to apply to the defendant as a public official the same rule that would obtain between private individuals, and to maintain that the draft, although conditional payment only

when offered, yet, having been retained by the defendant instead of being refused and returned, defendant's want of diligence in presenting it for payment operates to extinquish plaintiff's obligation.

We are of the opinion that this rule, applicable between private individuals, cannot govern as between an individual, whose duty it is under the law to pay his taxes and pay them in money, and a public officer, whose duty it is to collect the taxes and collect them in money.

In a similar situation the Supreme Court of Massachusetts said:

"We are of opinion that the statutes contemplate that taxes should be paid to the collector of taxes in money; that if the collector, for the convenience of taxpayers or of himself, receives checks, in the absence of any agreement to the contrary, they are to be taken as conditional payment, and that if they are not paid the claim for taxes is not satisfied, but that the taxes can still be collected according to law. If the collector has been negligent in presenting a check whereby the drawer has suffered loss, it may be that he is personally liable therefor." Houghton v. City of Boston, 34 N. E. 93, 159 Mass. 138.

In Koomes v. District of Columbia, 15 D. C. (4 Mackey) 339, 54 Am. Rep. 278, the court said:

"I have not seen a case anywhere reported in which it was held that payment by a check which was afterward dishonored could be considered a payment, in any sense of the law, unless the party who received it had been specially authorized to receive it, or by the course of trade was to be presumed to have been authorized to received it, and thus to assume for the creditor the additional burden of the risk of want of diligence in the presentation of the same.

"But it is utterly inadmissible in the case of public officers to add to the trouble and burdens of the public for the purpose of saving an individual who has paid by check exclusively for the gratification of his own private convenience. Having done it for his own convenience he must take the consequences of having made the collector of taxes his own agent, and not say that in that respect he was the agent of the public."

In Barnard v. Mercer, 39 P. 182, 54 Kan. 630, the court lays down the rule applicable to this situation as follows:

"The general rule is that taxes can only be paid in money, unless the law specifically authorizes the treasurer to receive something else. Judd v. Driver, 1 Kan. 455. A check or draft given to a collector for the payment of taxes does not discharge the tax, unless the check or draft be in fact paid. Houghton v. City of Boston, 159 Mass. 138, 34 N. E. 93; Black, Tax Titles, § 50; 2 Blackw. Tax Titles, § 825; 2 Desty, Taxation, 693. Under the authorities, the actual acceptance by the treasurer of a draft in payment of the taxes would not bind the public if the draft afterwards proved to be worthless. The reason is that the treasurer is absolutely without power to discharge the rights of the public to the payment of the tax for anything else than money, or such warrants or public securities as the law specifically authorizes him to receive. The main difficulty in this case probably arises from the fact that the treasurer held the draft so long that, if the transaction had been between individuals, the loss occasioned by the failure of the Lincoln bank would have fallen on him; but neither the taxpayer alone, nor with the aid of the treasurer, can impose on the public the risks incident to private commercial paper. If the taxpayer sees fit to send drafts to the county treasurer, the tax will only be paid when the money actually finds its way into the public treasury or depository. Whatever right of action, if any, the taxpayer, of the Long Island bank, may have against the treasurer, personally, for his delay in promptly forwarding the draft for payment, she has none as against the claim of the county for public dues."

To the same effect see Manck & Bauer v. Fratz, 7 Ohio Dec. (Reprint) 705; Skinner v. Mitchell, 197 P. 569, 108 Kan. 861; Labrier v. Leedy, 230 P. 253, 104 Okl. 54.

[4] Respondent, not having paid the taxes in question in contemplation of law, is not entitled to the relief sought. The peremptory writ must be vacated, and the judgment awarding the writ is reversed and the cause remanded, with instructions to enter a judgment dismissing the proceeding.

Note.—Reported in 207 N. W. 981. See, Headnote (1), American Key-Numbered Digest, Taxation, Key-No. 527, 37 Cyc. 1164, 1169; (2) Payment, Key-No. 16(1), 21, 30 Cyc. 1195, 1207, 1209; (3) Taxation, Key-No. 527, 37 Cyc. 1160; (4) Mandamus, Key-No. 73(1), 38 C. J. Sec. 430 (Anno.).