Points Decided.

(No. 4580.   April 8, 1927.)

M. L. VIAL et al., Appellants, v. CHARLES M. PARADIS, Treasurer and *Ex-officio* Tax Collector of Washington County, etc., et al., Respondents.

[255 Pac. 643.]

TAXATION — PAYMENT — WHAT CONSTITUTES — CHECK—PLEADING—ALLEGATIONS OF COMPLAINT—ESTOPPEL AGAINST COUNTY—TAX RECEIPTS.

1. Under C. S., sec. 3233, requiring all taxes to be paid in money, and section 3097, providing that there shall be a lien which shall only be discharged by payment, cancellation or rebate of the taxes, a check given to tax collector intended by taxpayer and collector as payment of taxes, and for which receipt showing payment of taxes is issued, does not constitute such payment, though check would have been paid but for collector's negligence in not presenting it till after failure of the bank.

2. The statement of complaint to establish payment of tax that county treasurer accepted check in payment is a mere conclusion.

3. County cannot be estopped by county treasurer's unauthorized act in giving plaintiff a receipt for taxes on receiving check.

4. A custom of tax collector to accept checks in payment of taxes and issue tax receipts therefor, being contrary to law, cannot estop the county against one so obtaining receipt.

APPEAL from the District Court of the Seventh Judicial District, for Washington County.   Hon. B. S. Varian, Judge.

Action to remove cloud of tax lien.   Judgment for defendants.   *Affirmed.*

Publisher's Note.
1. Payment of taxes by draft, see note in 44 A. L. R. 1234. See, also, 26 R. C. L. 376.

See Customs and Usages, 17 C. J., sec. 35, p. 475, n. 84.
Estoppel, 21 C. J., sec. 193, p. 1192, n. 20.
Pleading, 31 Cyc., p. 64, n. 29.
Taxation, 37 Cyc., p. 1162, n. 53, p. 1164, n. 62.

George Donart, Ed. R. Coulter, James Harris and J. W. Galloway, for Appellants.

In ordinary commercial transactions a party receiving a check and residing at the point at which the bank upon which the check is drawn is situate is required to present said check for payment before the close of banking hours on the day following its receipt, and failing so to present said check, becomes responsible if the bank fails and it is not paid. (8 C. J. 540.)

A county, whose officer, upon receipt of a check upon payment of a tax, marks the tax paid and issues a proper receipt therefor should be estopped from asserting non-payment of the tax if the check is dishonored on account of the negligence of the county officer to present the check for payment. (*Seward v. Fisken,* 122 Wash. 225, 27 A. L. R. 1208, 210 Pac. 378; *Curnen v. New York,* 79 N. Y. 511; *Philadelphia v. Anderson,* 142 Pa. St. 357, 21 Atl. 976, 12 L. R. A. 751.)

Kate Feltham, for Respondent Washington County.

"The acceptance of a check on a bank for the amount of the drawers' taxes is at most only a conditional payment; that is, the taxes are not paid until the check is paid, and if it is never presented, or is dishonored the taxes remain a charge." (37 Cyc. 1164; *Seward v. Fisken,* 122 Wash. 225, 27 A. L. R. 1208, 210 Pac. 378.)

"A county treasurer has no authority to receive a draft in payment of taxes, and when a draft is sent for that purpose, if payment is refused by the drawee the county treasurer, even after having issued a tax receipt and marked the taxes 'Paid' on the tax roll, may proceed to collect the taxes from the lands against which they are charged." (*Barnard v. Mercer,* 54 Kan. 630, 39 Pac. 182.)

"Taxes are not paid and the lien thereof continues though the check therefor is given until presentation and

payment of the check." (*Moore v. Auditor-General,* 122 Mich. 599, 81 N. W. 561.)

Hawley & Hawley, for Respondent Paradis.

In this state taxes are not paid, and the lien therefor not discharged, until the county receives the cash. (C. S., secs. 3097, 3233, 3240; *Rice v. Rock,* 26 Ida. 552, 144 Pac. 786; *Koones v. District of Columbia,* 4 Mackey (D. C.), 339, 54 Am. Rep. 278; *People v. Seeley,* 117 Mich. 263, 75 N. W. 609; *Houghton v. City of Boston,* 159 Mass. 138, 34 N. E. 93; *Richards v. Hatfield,* 40 Neb. 879, 59 N. W. 777; *Emden v. Bunker,* 86 Me. 313, 29 Atl. 1085; *Kerner v. Boston Cottage Co.,* 123 N. C. 294, 31 S. E. 718; *Bridges v. Hurlburt,* 91 Or. 262, 178 Pac. 793; *Skinner v. Mitchell,* 108 Kan. 861, 197 Pac. 569; Cooley on Taxation, 2d ed., 804.)

Custom cannot override the force and effect of a statute. (27 R. C. L. 166, 167; *Stein v. Schapiro,* 145 Minn. 60, 8 A. L. R. 1264, 176 N. W. 54.)

TAYLOR, J.—Plaintiff Vial and 84 others bring their combined actions against Charles M. Paradis, treasurer and *ex-officio* tax collector of Washington county, and the county and the board of county commissioners thereof. On motion, a number of allegations were stricken from the complaint. A general demurrer to the complaint was sustained, and judgment of dismissal entered. A discussion and decision upon one cause of action will be decisive of all.

Briefly stated, plaintiff Vial alleges his payment, on June 16, 1924, of the last half of his taxes due upon property in the county, with a check drawn upon the Weiser National Bank, payable to the treasurer and tax collector, Paradis; that Paradis accepted this check in payment of the taxes, and issued plaintiff a tax receipt, and entered a record of their payment upon the county tax records; that Paradis did not present the check for payment within a reasonable time; that if he had done so, there were funds in the bank to meet it, and it would have been paid; that

the bank failed; that the tax collector thereupon canceled the record of payment of this tax on the county records; that the taxes were in fact paid, and that such record of their nonpayment casts a cloud upon his title; and he demands that the court decree that this tax has been paid, and that the cancelation was void, and that the defendants be required to reinstate and renew the record showing payment of the tax.

[1]   Appellants' brief succinctly states the question presented for decision as follows:

"Is a check given by a tax payer to the tax collector in payment of his tax, which check is intended by the tax payer and the tax collector as payment of taxes and is drawn upon a solvent bank against an adequate balance therein to the credit of the maker of the check, and for which a receipt showing full payment of taxes is issued, in legal effect payment of taxes under circumstances which show that the check would have been paid except for the negligence of the tax collector in presenting such check for payment?"

We answer this question in the negative. C. S., sec. 3233, requires that "all taxes must be paid in lawful money of the United States." As a part of the same chapter, C. S., sec. 3097, provides that " . . . . All taxes . . . . shall be a lien upon the property assessed, . . . . and shall only be discharged by the payment, cancelation or rebate of the taxes as provided in this chapter."

The county treasurer and tax collector is not authorized to accept in payment of taxes anything other than lawful money of the United States. An almost unbroken line of authorities sustains the position that a check is not payment of a tax until the check is paid, even if received by the collector as payment, and if the collector neglects to present the check for payment for several days, and in the meantime the bank on which it is drawn becomes insolvent, the tax may still be collected from the taxpayer. (*Skinner v. Mitchell,* 108 Kan. 861, 197 Pac. 569; *Barnard v. Mercer,*

54 Kan. 630, 39 Pac. 182; 3 Cooley on Taxation, 4th ed., sec. 1252; 26 R. C. L., p. 376, sec. 335; 37 Cyc. 1164.)

[2, 3] A statement that the treasurer accepted the checks as payment is a mere conclusion. (*Skinner v. Mitchell, supra.*) Counsel for appellant cite *Seward v. Fisken,* 122 Wash. 225, 27 A. L. R. 1208, 210 Pac. 378, to support the contention that the county is estopped by the act of its officer to deny that the taxes have in fact been paid. There is nothing in the present case to support an estoppel. No estoppel can be pleaded arising out of the acts of plaintiff directly consummated by a transaction between himself and the county treasurer. The plaintiff cannot be heard to claim an estoppel against the county based upon the fact that he secured a tax receipt upon delivery to the tax collector of anything other than lawful money of the United States. The county cannot be estopped by such unauthorized act of the treasurer in respect to public money. (*Skinner v. Mitchell, supra; Buhl Highway District v. Allred,* 41 Ida. 54, 238 Pac. 298.)

[4] Appellant complains of the action of the court in striking out numerous allegations of the complaint, which allegations could serve no purpose other than to tend to raise an estoppel. These allegations were in effect that the Weiser National Bank and another were county depositories; that the deposits of the county therein, at the time of the transaction, were in excess of that which could be legally deposited under the depository bonds furnished; that the county treasurer notified the county commissioners that he would have large sums from the semi-annual payment of taxes to deposit, and that he had no sufficient safe or facilities for keeping public moneys; that the commissioners failed and refused to take steps to procure additional bonds from said depositories or additional depositories; that there had been an unbroken, universal custom and rule for many years in Washington county for taxpayers to pay their taxes by checks, and for the tax collector to accept such checks in payment of taxes, and issue tax receipts therefor;

that the county commissioners knew of this custom and practice; that they knew that the collector was accepting such checks, and would hold them and not cash them until such time as the commissioners would provide further depository bonds for the safekeeping of the funds; that the tax collector kept and retained these checks because he had no place in which to deposit the moneys received from taxes; that the tax collector failed to notify plaintiff that he would not cash the check, but would hold it.

There was nothing in the allegations stricken which would in any way support an estoppel. The plaintiff's taxes were not paid. He in effect constituted the county tax collector his agent to collect from the bank on which the checks were drawn the legal tender, and the bank his agent to pay his taxes upon such demand. The pleading of a custom contrary to law cannot raise an estoppel against the county. (*Mechanics & Metals National Bank v. Pingree,* 40 Ida. 118, 232 Pac. 5; *Stein v. Schapiro,* 145 Minn. 60, 8 A. L. R. 1264, 176 N. W. 54; 17 C. J. 475–477.) Appellant is not here an innocent third party seeking to assert the estoppel, as in *Seward v. Fisken, supra,* and other cases cited by appellant.

The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.