## STEVENS et al. v. BANK OF MANHATTAN TRUST CO.

District Court, S. D. New York.
Oct. 19, 1931.

Motion for Reargument Denied Nov. 30, 1931.

Abraham B. Keve, of New York City, for complainants.

Blumberg & Parker, of New York City (Samuel Blumberg, of New York City, of counsel), for defendant.

CAFFEY, District Judge.

At the trial decision was reserved on the question whether the difference between approximately $43,000 deposited by the bankrupt with the defendant on April 25 and approximately $38,000 already paid over by the defendant to the bankruptcy trustees is recoverable in this suit. I think there are several reasons why it is not.

(1) Checks or acceptances by the bankrupt, some dated as early as April 22, aggregating the difference, were presented to and paid by the defendant some time prior to the adjudication in bankruptcy. In the meantime there had been no injunction granted and no receiver had been appointed in the bankruptcy proceeding. All the payments were made in good faith.

In discussing an account which a trustee had at a bank, the Supreme Court said in Central National Bank v. Connecticut Mut. L. Insurance Co., 104 U. S. 54, 64, 65, 26 L. Ed. 693, "A bank account is made to be checked against, and represents a series of current transactions. The contract between the bank and the depositor is that the former will pay according to the checks of the latter, and when drawn in proper form the bank is bound to presume that the trustee is in the course of lawfully performing his duty, and to honor them accordingly."

If this be true of a deposit account maintained by a trustee, it would seem on principle to be true also of a deposit account maintained by a known insolvent. If so, then the payments here involved were not only justified, but the defendant bank would have breached its obligation if it had failed to make them, unless there be some provision in the Bankruptcy Act (11 USCA § 1 et seq.) to the contrary.

Under the Bankruptcy Act the title of a trustee in bankruptcy relates back to the filing of the bankrupt's petition. From this provision of the law the plaintiffs argue that any bank, having knowledge of the insolvency of a customer, and having knowledge that a petition in bankruptcy has been filed against him, may be required to pay over again to the bankruptcy trustees sums which it has already paid on its depositor's checks during the interval between the filing of the bankruptcy petition and adjudication. The contrary, however, has been definitely established by the Circuit Court of Appeals for this Circuit. In re Mertens, 144 F. 818, 822, 823; In re Zotti, 186 F. 84, 85, 87; In re Perpall, 271 F. 466, 468; In re Fuller, 294 F. 71, 74. While the circumstances in the cases cited varied and none of them were in precise accord with

the facts in the case at bar, yet I feel that the principle established governs here.

(2) While the evidence is not full or detailed, it warrants the conclusions that one of the payments under consideration was to meet a current pay roll of the bankrupt and that all the others were to meet charges which probably were liens on the bankrupt's merchandise, and which it was necessary to pay in order to procure release of the merchandise, of much larger value than the amount of the charges. In one case, therefore, a priority which otherwise would have depleted the estate to the same extent was discharged, and in the other cases actual enhancement of the estate ensued by the release of property which has gone to and has benefited the estate and thus brought into the hands of the bankruptcy trustees sums largely in excess of the disbursements involved in the payments under consideration.

■ (3) Obviously the defendant did not prefer itself when it paid out money upon orders of the bankrupt. If any preferences resulted, then those who obtained them should be pursued. So also no trust would be impressed as against defendant on the funds in its hands through its receiving or paying them out, in advance of adjudication, as directed by the bankrupt.

Whatever may be the rights of the plaintiffs on other grounds, it follows that no cause of action is established for a voidable preference or for a constructive trust.

If there be any doubt in the minds of counsel as to the accuracy of the facts as I have recited them above, then in the interest of fairness opportunity will be afforded them for a further hearing. If that be desired, notice thereof should be given within 5 days from date. Otherwise the case will be finally disposed of by dismissal of the complaint with respect to the reserved items, as well as with respect to all other items, in accordance with the decision at the trial.

Settle decree on 3 days' notice.

## On Motion for Reargument.

In accordance with my memorandum of October 19, 1931, the parties have been heard again. There was thus afforded opportunity to dispute or negative the facts upon which I relied. At the hearing no suggestion was made that the recital of facts in the memorandum is incorrect. Upon those facts, I think it is clear, for reasons already assigned, that the conclusion reached was right. In a sense, it may be said that, even if the bank erroneously paid the checks involved, it was damnum absque injuria.

Plaintiffs, however, reargue another phase of the case. This deals with the question whether, after notice of the filing of a petition in bankruptcy, payment of checks drawn by the bankrupt subjects a bank to liability therefor to the bankruptcy trustees in event of later adjudication.

■ There are expressions in some of the opinions which support or tend to support the position of the plaintiffs; but, as indicated in my memorandum and at the rehearing, I think the decisions of the Circuit Court of Appeals for the Second Circuit have settled the contrary in principle. To sustain the plaintiffs would be equivalent to holding, in substance, that the present bankruptcy statute enables creditors by the mere filing of a petition, however unfounded, to ruin any debtor and to drive him into insolvency. In order to escape from liability for checks honored after notice of the petition being filed, obviously the bank must exercise good faith. On the other hand, good faith being present (as here), mere notice is not enough to establish liability. Application of the doctrine of relation back of the trustees' title does not require a different result. In re Perpall (C. C. A.) 271 F. 466, 468.

There has not been a chance earlier to consider this matter.

Motion on reargument denied and memorandum of October 19 confirmed.

Settle decree on three days' notice.