**W. W. FLINT and Alda E. Flint,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 2376.**

United States District Court
D. Idaho,
Central Division.

Dec. 15, 1964.

Myron E. Anderson, Boise, Idaho, for plaintiff.

Sylvan A. Jeppesen, U. S. Dist. Atty., Boise, Idaho, for defendant.

FRED M. TAYLOR, Chief Judge.

This is an action for refund of Federal income taxes for the years 1956 and 1957 in the amounts of $118.09 and $6,-391.38 respectively. This court has jurisdiction under 28 U.S.C. § 1346.

For the most part, the material facts are not in dispute. The plaintiffs are husband and wife residing at Cottonwood, Idaho. They filed Federal income tax returns for the calendar years 1956 and 1957, with the District Director of Internal Revenue at Boise, Idaho, and paid the tax as shown thereon. On the 1956 return, plaintiff claimed a deduction as follows: "First half of 1956 Idaho income tax for 1956 Pd. in '56 $18,238.-15." On the 1957 return, plaintiffs claimed a deduction as follows: "Idaho state income tax last half of 1956 tax $18,238.15 (Refer to my 1956 federal report."

Plaintiffs were on a cash basis of accounting for reporting Federal income taxes. Upon an examination of plaintiffs' return for 1956, the defendant increased the State income tax deduction in the sum of $19,459.24, and decreased the State income tax deduction for the year 1957 in the sum of $18,238. The plaintiffs paid the additional taxes as assessed by the defendant and made timely claim for refunds which claims were denied and this lawsuit was thereafter instituted.

Originally this action presented an issue of retirement income credit but at the trial counsel for plaintiffs, in open court, conceded this issue and it is no longer a question to be decided here. The questions to be determined are: When did plaintiffs pay their Idaho state income tax for the year 1956; and, when was such tax so paid deductible for Federal income tax purposes?

It appears from the evidence that plaintiff Flint sold his interest in a bank during the year 1956 and realized a considerable sum as a result of said transaction. Because of this transaction, plaintiffs realized that their State income tax for the year 1956 would be considerable. Mr. Flint apparently desired to deduct one-half of his 1956 State tax from his Federal income tax for the year 1956 and the remaining one-half of the State tax from his Federal income tax for 1957. Because of this desire, Mr. Flint contacted the office of the Idaho State Income Tax in Lewiston, Idaho, and inquired whether he could pay one-half of his 1956 tax in 1956 and one-half thereof in the year 1957. The 1956 Idaho state tax did not become due until March 15 of 1957. According to the testimony of Mr. Flint he talked with a Mr. Fallers and a Mrs. McKinney at the State office in Lewiston and was advised that he could pay one-half of his 1956 tax in the year 1956 and prior to March 15, 1957. Such payment is authorized by Section 63–3048 of the Idaho Code. At that time Mr. Flint advised one or both of these persons that he would like to pay his tax for 1956 in such manner and that he would send in his tax return at a later date. Subsequent to this time and on or about December 26, 1956, Mr. Flint mailed his tax return for the year 1956 together with two checks to the Lewiston office. One check was drawn on the Idaho First National Bank at Cottonwood, Idaho, for the sum of $18,697.39 signed by W. W. Flint and the other was drawn on the United States National Bank of Portland, Oregon, for the

sum of $19,000 signed by his wife, Alda E. Flint. On the check signed by Mr. Flint there is a notation "1st. half 1956" and on the other check there is a notation "Balance 1956." Both checks were dated December 26, 1956, and were made payable to the Idaho State Income Tax Division. No instructions were sent or given to the Idaho State Income Tax Division as to how or when said checks were to be applied in payment of plaintiffs' 1956 income tax. The office of the Tax Collector at Lewiston, by an instrument dated December 27, 1956, acknowledged receipt of the income tax return of the plaintiffs for the year 1956 together with the two checks for $37,-697.39 covering payment of the tax as shown by said return. This instrument under remarks stated: "1957 current tax in full per return—Receipt valid when checks clear banks". It appears that the two checks were transmitted by the Lewiston office to the head office of the Tax Collector at Boise, Idaho, and that they finally cleared the banks upon which they were drawn on or about January 21, 1957.

The plaintiff, Mr. Flint, contends that he intended and desired to pay one-half of his 1956 tax to the State of Idaho in the year 1956 and the balance thereof in 1957; that because of his conversation with the deputy tax collector in the Lewiston office, she in some manner became his agent and as such should have applied his checks in the manner he intended. The evidence does not indicate how Mrs. McKinney became an agent of Mr. Flint when all that occurred between Mr. Flint and Mrs. McKinney was a conversation as to when he could pay his tax for 1956 and what he intended to do about payment. There is no merit to the contention that Mrs. McKinney became the agent of plaintiff Mr. Flint. Assuming that she was his agent and that she did not do what he wanted her to do by way of applying the checks on his tax bill for 1956, this would in no way be binding on the Federal Government. If Mrs. McKinney in some way violated her instructions as agent for Mr. Flint, he is bound by her acts as his agent. The question here then is not what Mr. Flint desired to do but rather what he actually did do by way of paying his Idaho income tax for the year 1956. The checks were sent in with his return with no instructions of any kind as to how or when they were to be applied. The sole and only question is as to when the tax was actually paid to the State of Idaho for the year 1956. Plaintiffs argue, in the alternative, that the tax was not paid until the checks were cashed in 1957 and therefore the total tax paid to the State was deductible in computing plaintiffs 1957 Federal income tax. Conversely, the defendant contends that the State income tax was paid when the checks were received by the State and the receipt issued. The parties agree that if the defendant is correct in its contention, there will be no tax due or refund payable to plaintiffs; that if the court finds either partly or entirely for plaintiffs, the amount of the judgment shall be submitted to counsel for computation in accordance with the court's findings or if counsel are unable to agree then such computation shall be made by the court. The plaintiffs are asserting that the tax was not paid until the checks were actually cleared by the bank and rely on the holding in Vial v. Paradis, 44 Idaho 157, 255 P. 643, 53 A.L.R. 191. In the Vial case the check was not paid by the bank because it had failed before the check was presented for payment. The court there held that since the check was not honored the taxes for which the check was given were not paid. This case does not stand for the proposition that had the check been honored by the bank, the taxes would not have been paid at the time the check was given. It is common knowledge that most taxpayers pay taxes by the use of checks and that receipts are issued for payment as of the date the check is received. Obviously, if a check given in payment of taxes is not honored there can be no payment of the taxes. It appears to be the general rule that the transmittal of

a check is payment conditioned upon the check being honored by the bank upon which it is drawn. When the check is honored, the payment relates back to the date the check was received by the payee. In the case of Clark v. Commissioner of Internal Revenue, 253 F.2d 745, 748 (3rd Cir., 1958) the Court of Appeals stated:

> " * * * For a taxpayer on a cash basis, as petitioner was, the year in which a business expense can be deducted turns on when it was paid. The question is whether the expenses were paid if the checks were still outstanding. As a general proposition delivery of a check will establish the same right to a deduction as would delivery of cash. It does not matter that the check was not cashed or deposited or the drawer's account charged until the following year. The check is regarded as payment on a condition subsequent, and if the condition of honor on presentment is met the payment is regarded as absolute from the time the check was delivered. (Citations omitted.)
>
> * * * "

This court believes that the rule announced in the Clark case is the rule of law to be applied in the case here. See also, United States v. Vardine, 305 F.2d 60, 65 (2nd Cir., 1962); 40 Am.Jur. 775; and 4 A.L.R.2d 1227. It occurs to the court that the argument of plaintiffs is somewhat contradictory because, on the one hand, they contend that one of these checks should be considered as paying one-half of the tax in 1956 when it was received by the State, while on the other hand, they contend that both checks should be considered as payment of the 1956 tax in 1957, at the time the checks were honored by the banks.

This court finds and concludes that under the circumstances of this case the plaintiffs paid their Idaho state income tax for the year 1956 in that year and it was deductible for their 1956 Federal income tax.

Accordingly, it is the opinion of this court that plaintiffs are not entitled to recover anything under and by virtue of their complaint.

Counsel for the defendant shall prepare Findings of Fact and Conclusions of Law, and a proposed Judgment, serve copies of the same on counsel for the plaintiffs and submit the originals to the court.