Nancy Parrish Secretary of Revenue 915 S.W. Harrison St. Topeka, Kansas 66612-1588
Dear Secretary Parrish:
You request our opinion regarding the use of credit cards for paying motor vehicle taxes and vehicle registration fees. Specifically your questions are:
 "1. May credit cards legally be accepted by county treasurers for payment of motor vehicle taxes imposed pursuant to K.S.A. 79-5101 et seq. and vehicle registration fees?
 2. May a county, pursuant to its statutory home rule authority, K.S.A. 19-101 et seq., impose fees, in addition to those set forth in K.S.A. 8-143, for the registration of motor vehicles by county officials?
 3. If the above questions are answered in the affirmative, may the additional registration fees imposed by a county be used by a county to pay the service charge required by a credit card company for the privilege of using such cards to pay motor vehicle taxes and vehicle registration fees?"
Neither the vehicle registration fee statutes nor the motor vehicle tax statutes speak to the use of credit cards as a medium of payment. Early Kansas Supreme Court cases hold that the county treasurer is not at liberty to accept anything other than money for the payment of taxes unless the statutes provide otherwise, and that a check or draft given to a collector for the payment of taxes does not discharge the tax unless and until the check or draft is in fact paid. See Skinner v. Mitchell,108 Kan. 861, 867-872 (1921); Barnard v. Mercer, 54 Kan. 630, 632
(1895); Judd v. Driver, 1 Kan. 455, 463 (1863). See also Annot., 44 A.L.R. 1234 (1926); 72 Am. Jur. 2d State and Local Taxation secs. 839, 840 (1974). Kansas statutes now appear to authorize payment of motor vehicle taxes and registration fees by check: The payment of motor vehicle taxes is linked to the payment of registration fees [K.S.A.79-5102(a); 79-5106(a)]; registration may be accomplished by mail [K.S.A. 8-129]; and there are specific provisions for dealing with payment of registration fees by insufficient or no-fund checks [K.S.A.8-145a; 8-145b]. See also Amusement Co. v. Eddy, 143 Kan. 988, 994
(1936). Legislation was introduced in 1992 to specifically authorize payment of taxes by credit card. The bill, 1992 Senate Bill No. 576, was killed in the house committee on taxation. Journal of the House 1889 (March 30, 1992). Because there are no statutory provisions for handling credit card payments, it is our opinion that motor vehicle tax payments may not be made by credit card and that if credit cards are accepted by the county treasurer, the tax is not discharged until payment is actually made by the issuing company. Thus, because payment of the tax is a precondition to registration, the registration cannot be issued until the treasurer receives such payment.
Further, absent enabling legislation we do not believe that the county may, pursuant to home rule powers, provide for the acceptance of credit cards or impose additional fees to cover the service charge associated with acceptance of credit cards. K.S.A. 1992 Supp. 19-101a grants to counties home rule powers in the performance of "local legislation" with certain limitations. One such limitation is that counties are subject to all acts of the legislature which apply uniformly to all counties. K.S.A. 1992 Supp. 19-101a(a)(1). We find nothing in the motor vehicle tax or vehicle registration statutes that would render them non-uniform.See Blevins v. Hiebert, 247 Kan. 1, 11 (1990); Attorney General Opinion No. 80-88. The registration fees allowed to be collected by the treasurer are very specifically set forth in the statutes: K.S.A. 1992 Supp. 8-143; K.S.A. 8-143b; 8-143c; 8-143g; 8-143h; 8-143i; K.S.A. 1992 Supp. 8-143j; K.S.A. 8-143k; 8-167; 8-172; 8-195. Additional fees are allowed in certain situations: K.S.A. 8-129(a)(2) (registration by mail); 8-145c (penalty for recovery of plates taken for non-payment); K.S.A. 1992 Supp. 8-143(b) and (c) (penalty for late payment of fee); 8-145d (service fee). There is no authority for assessing a fee in addition to those specifically authorized by statute for payment of costs associated with the acceptance of credit card payments and, because the statutes are uniform and preempt the field, there is no room for local legislation on the subject.
In conclusion, use of credit cards for payment of motor vehicle taxes and vehicle registration fees is not authorized by statute and taxes may not be discharged upon acceptance by the county treasurer of a credit card unless and until payment is actually received by the county. Thus registration may not be accomplished until the credit transaction clears and payment is made to the county by the card issuer. Counties may not alter this conclusion by home rule, nor may counties impose an additional fee to cover a credit card company service fee.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm