THE STATE TREASURER, Plaintiff in Error, *v.* PRESCO WRIGHT, COLLECTOR OF SANGAMON COUNTY, Defendant in Error.

ERROR TO SANGAMON.

The jurisdiction of the State, on the subject of taxation for State purposes, is supreme; over which the Government of the United States can have no power or control.

The mandate of the State to its officers, directing them to collect its revenue in gold and silver coin only, cannot be disobeyed. Congress has not power or jurisdiction over this subject.

THIS case is fully stated in the opinion of the Court.

(The General Assembly, at its session in 1863, has changed the law, in regard to the collection of taxes, authorizing them to be paid in the currency issued by authority of Congress.)

S. T. LOGAN assigned errors for the State Treasurer.

BREESE, J. This case comes before us from the Sangamon Circuit Court, on the following agreed statement of facts, namely:

"It is agreed by and between William Butler, Treasurer of the State of Illinois, and Presco Wright, Treasurer and Collector of Sangamon county, that the said Presco Wright, as treasurer and collector of Sangamon county, had collected and had in his hands due to the State of Illinois on the sixth day of May, 1862, the sum of one thousand dollars, collected by him of taxes assessed, laid and collected by him in the year 1862, due to the State of Illinois for all the various items of taxation required by law to be collected and paid into the State treasury, which sum had been collected by him from the inhabitants of Sangamon county, and received by him from them in the United States treasury notes hereinafter described, and that on that day the auditor of public accounts issued from his office the following order, to wit:

$1,000.    AUDITOR'S OFFICE, ILLINOIS, SPRINGFIELD, May 6th, 1862.

MR. TREASURER:—Receive of Presco Wright, Collector of Sangamon county, one thousand dollars, being the amount in part of taxes collected by him for the year 1861.    JESSE K. DUBOIS, *Auditor.*

"And it is further agreed, that on the same day, the said Presco Wright presented the said order to the treasurer, the said William Butler, and then and there, at the office of the treasurer of the State of Illinois, tendered and offered to pay to the said treasurer the said sum of one thousand dollars in demand treasury notes of the United States, issued under and in pursuance of the provisions of an act passed by the Congress of the United States, approved July 17, 1861, entitled, ' An Act to authorize a national loan, and for other purposes,' which treasury notes the said treasurer then and there refused to receive from the said Presco Wright; and thereupon, the said Presco Wright tendered, and offered to pay to the said treasurer the said sum of one thousand dollars in treasury notes of the United States, issued under and by virtue of an act passed by the Congress of the United States, approved February 25, 1862, entitled, ' An Act to authorize the issue of United States treasury notes, and for the redemption or funding thereof, and for funding the floating debt of the United States;' which last mentioned sum of treasury notes the said treasurer also refused to receive from the said Presco Wright; and it is now further agreed to submit to the decision of the court, whether the said treasurer was bound to receive the said sum of one thousand dollars in either description of treasury notes before described; and if the court shall be of opinion that the treasurer was bound to receive the said sum of one thousand dollars, in either description of treasury notes above described, then the court shall award a peremptory mandamus, commanding the treasurer to receive said sum of one thousand dollars in treasury notes, the parties hereby waiving the issuing of an alternative mandamus. And it is further agreed, that a *pro forma* judgment of the Circuit Court may be entered, awarding a peremptory mandamus, commanding the treasurer to receive said treasury notes of either kind. And the parties further agree, that an appeal may be granted by the court to the Supreme Court of the State of Illinois, to the said William Butler, on his filing a copy of this record in said Supreme Court, sitting at Ottawa, in the Third Grand Division, during the April term of said

court, without bond or security. And they further agree, that said Supreme Court shall enter such judgment as in their opinion the law justifies and requires on the agreed case.

WILLIAM BUTLER, *State Treasurer.*
PRESCO WRIGHT, *Treasurer and Collector,*
*Sangamon County, Ill.*

The error assigned is, in awarding a peremptory mandamus.

No argument has been submitted by either party in the case, the treasurer contenting himself with a reference to the act of the General Assembly of this State, regulating the collection of the revenue, as his justification in refusing the proffered notes, the county collector urging nothing in support of his proposition.

We do not know that argument could have availed either party, as the statute, by which the treasurer must be governed, is so plain and specific as to admit of no construction.

The amendatory act regulating the collection of the revenue, approved February 25, 1853, (Scates' Comp. 1085), declares in the first section, " That the county revenue shall be collected in gold and silver coin, county orders and jury certificates, and in no other currency; the revenue for State purposes shall be collected in gold and silver coin, and auditors' warrants, and in no other currency; and State taxes levied for any special purpose, other than to defray the ordinary expenses of the State government, shall be collected in gold and silver coin, and in no other currency."

The last clause of this section, excluding auditors' warrants —evidences of State indebtedness—was designed to make certain so much of the revenue to be paid in gold or silver coin, as should meet the interest on our State debt due by bonds regularly issued under the authority of the State, and now distributed all over the civilized world, and which we have pledged the faith of the State, shall be paid in coin. If, then, the treasurer could receive anything but coin for this purpose, our pledge could not be redeemed. Coin circulates throughout the world, and has, in its markets, an ascertained and established value by which all commodities are measured, and no paper obligation, even if at par with coin where issued,

could be made to take the place, abroad, of coin. It is by coin, and coin alone, we can perform the obligations we are under to our creditors, and we know of no power in existence, capable of placing us in a position by which we shall be unable to meet our just engagements, save and except the action of our own legislature, which had the power to repudiate the obligation, either flatly, or by indirection.

The jurisdiction of the State on the subject of taxation, for all State purposes, is supreme, and over which, the government of the United States can have no power or control. That government acts through delegated power, and can exercise no other except such as may be necessary to carry into effect a granted power. The power has been, nowhere, delegated to the Congress to interfere with the mode which a State may adopt to raise a revenue for its own purposes, or the manner or funds in which it shall be collected. This is a subject peculiarly belonging to the States, and wholly under State control, so that should it be deemed by the State expedient to collect its revenue for its own use, in the productions of its soil, no power on earth could interfere to forbid it. The moral obligation to pay its creditors in coin would exist, but no power exists to enforce the obligation. It is, from its very nature, an imperfect obligation, there being no superior to enforce it, and it must ever be so. Congress cannot interfere in any form.

There being nothing in our State constitution prohibiting, expressly or impliedly, this action of our legislature; and the constitution of the United States imposing no restriction, and authorizing none, the power of the State is absolute, plenary, sovereign over this whole subject, when taxation is imposed, and revenue sought for State purposes. This being so, its mandate to its officers to collect such revenue in gold and silver only, cannot be disobeyed. The law is the treasurer's warrant, which he is not at liberty to disregard or contemn. The State authorities cannot be interfered with, by any legislation of Congress upon this subject, that body having no power or jurisdiction over it.

The order awarding a peremptory mandamus is set aside

no other funds but gold and silver coin, or auditors' warrants, being receivable in payment of the ordinary revenue of the State for State purposes.

*Order reversed.*