(No. 11139.—Reversed and remanded.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* J. E. LAMB, Appellant.

*Opinion filed February 21, 1917—Rehearing denied April 17, 1917.*

1. TAXES—*tax-payer may pay part of his taxes which he admits to be due.* A tax-payer has a right to pay a part of his taxes which he admits to be due, and it is the duty of the collector to receive the money and apply for judgment only for the amount unpaid, and a penalty can be added to that part, only, which is found to be due and unpaid.

2. SAME—*a tax-payer is not obliged to set down in tax bill the items for which he is paying.* Where a tax-payer pays a part of his taxes which he admits to be due and states that he intends to pay all taxes except specified ones, he is not obliged to set down in the tax bill the items for which he is paying but is entitled to a receipt for the taxes paid, all the items of which appear in the collector's book.

3. SAME—*when tax collector's refusal to accept a check in payment of taxes is not justified.* A tax collector's refusal to accept a

cashier's check in payment of taxes cannot be subsequently justified on the ground that it was not legal tender, where he invited payment by check when he sent out the tax bill and where his refusal was not based on such ground but upon another ground which was insufficient.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

BRUNDAGE, LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellant.

MACLAY HOYNE, State's Attorney, (CHARLES CENTER CASE, JR., of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On April 27, 1916, the appellant mailed to the treasurer of Cook county a cashier's check for $226.14, with a letter stating as follows: "I remit to you herewith $226.14 on account of my taxes. The balance is withheld on advice of counsel because of objections to the Cook county, forest preserve and sanitary district taxes and twelve cents on the $100 assessed valuation of the city of Chicago tax." Accompanying the letter and check was an unsigned receipt from the treasurer's office showing the amount of the total tax on two lots, $112.65, being $47.90 on one and $64.75 on the other. Beneath the footing, $112.65, appellant had written, "Total paid on a/c 88.07." This letter was received April 29, and April 30 the treasurer returned the check, together with the tax bills which accompanied it, in a letter, saying: "We cannot accept this payment for the following reason: You must show on both the original and duplicate bills the exact amount which you intend to pay on each and every item. If you will comply with this requirement we will accept your payment on account and issue receipt accordingly." The appellant complied with the requirement of this letter but not until May 8, 1916, when the treasurer

refused the tender because it did not include a penalty of one per cent, not only on the amount of the taxes admitted to ˙be due and tendered but upon the amount, also, which was disputed and objected to. Upon the application of the collector for judgment the court held that the appellant was not required to include in his tender a penalty on the disputed taxes, but that the treasurer was not bound to accept the tender until the appellant had indicated upon the tax bill against each lot the amount he desired to pay upon taxes extended against that lot. Judgment was therefore rendered against the appellant's lots for one per cent penalty on the amount tendered before May 1 which was refused, and which the appellant again tendered on May 8, complying with the treasurer's requirement. Various other objections were made, also, but they were identical with objections made in other cases, and it was stipulated that they should abide the judgments in such other cases and that the single objection in regard to the penalty should be submitted to the court in this case. The objector appeals from the judgment.

A tax-payer has a right to pay a part of his taxes which he admits to be due, and it is the duty of the collector to receive it and apply for judgment only for the amount unpaid, and a penalty can be added to that part, only, which is found to be due and unpaid. (*People* v. *Chicago, Lake Shore and Eastern Railway Co.* 270 Ill. 477.) The only question, therefore, is whether the appellant's tender of payment of his taxes on April 29 was such as the collector should have accepted.

The reason given by the collector for refusing the payment tendered was that the appellant did not show on both the original and duplicate tax bills the exact amount he intended to pay on each item. The appellant's letter stated that he intended to pay all his taxes except the county, forest preserve and sanitary district taxes and twelve cents on the $100 valuation of the city tax. Thereupon he was en-

titled to a receipt for the taxes paid, all the items of which appeared in the collector's book, from which, alone, they could be obtained. The appellant was not obliged to set these down in the tax receipt. No such contention is made here on the part of the appellee. It is now claimed that the tender was rightfully refused, first, because it was not a legal tender; and second, because it was not made to appear that the amount of the check tendered was sufficient to pay all the taxes except the county, forest preserve and sanitary district taxes and twelve cents on the $100 valuation of the city tax.

The first reason would have been a valid one if that had been the reason of the refusal, but it was not. The treasurer invited payment by check when he sent out the tax bill, which bore the statement, printed conspicuously at the top, "Remittance by mail must be by draft, money order or certified check payable to the order of Henry Stuckart, county collector." In compliance with this request the appellant mailed the check, and the reason given for its refusal was, not that it was not a legal tender, but was another reason which was insufficient.

The second reason was not urged on the hearing in the county court. The court held that the tender made on May 8 was sufficient and should have been accepted by the collector, and rendered judgment for a penalty only "on the amount or part of the taxes so tendered or paid as and when and of said last mentioned date." No objection is made by the appellee to this judgment. The only difference in the tenders made was that in the last the appellant complied with the requirements which we have held the collector had no right to impose. If the tender on May 8 was sufficient that made before May 1 was also sufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*