## LABRIER v. LEEDY.

No. 14671—Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 12, 1924.

**Taxation — Payment of Taxes by Check — Validity.**

Under the provisions of section 9651, Comp. Stat. 1921, the employment by a taxpayer of a bank check as a medium of payment of taxes assessed against him is not a valid payment so as to discharge such taxpayer from liability for said taxes until the check has been actually paid to the treasurer; and the statute is not satisfied merely by payment under such circumstances as would constitute a valid payment and discharge the taxpayer from liability, if the transaction had occurred between private individuals.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Cimarron County.

Action by H. C. Labrier against W. H. Shepherd, Treasurer of Cimarron County, for a peremptory writ of mandamus. Judgment for defendant, and plaintiff appeals. Affirmed.

E. B. McMahan, for plaintiff in error.

Geo. F. Short, Atty. Gen., and M. V. Mc-

Kenzie, Asst. Atty. Gen., for defendant in error.

Opinion by FOSTER, C. This appeal is prosecuted to reverse a judgment of the district court of Cimarron county, denying an application for a peremptory writ of mandamus filed by H. C. Labrier, plaintiff in error, plaintiff below, against W. H. Shepherd, as county treasurer of Cimarron county, requiring said treasurer to restore tax receipt No. 1777 of 1921 series, issued to plaintiff in error in payment of taxes assessed against him for the year of 1921, and requiring the treasurer to mark such taxes "paid" on the 1921 roll.

The term of office for the said W. H. Shepherd expired July 2, 1923, and said cause has been revived in the name of A. F. Leedy, the successor in office of W. H. Shepherd, who is the defendant in error here.

Parties will be hereinafter referred to as they appeared in the trial court.

The cause was submitted to the trial court and tried upon the following agreed statement of facts:

"Come now the parties hereto and agree that the following are, and shall be taken as a true and correct statement of the facts in this trial. That the plaintiff, H. C. Labrier, was duly assessed for the year 1921 for taxable purposes and his personal property and the real estate described in his petition were duly run on the tax roll of Cimarron county, state of Oklahoma, for the year 1921; That the taxes on all of said property amounted to $428.03; that on May 19, 1922, plaintiff paid said taxes to the defendant, W. H. Shepherd, as county treasurer of Cimarron county, state of Oklahoma, giving his personal check drawn on the Citizens State Bank of Lamar, Colo., therefor, in said sum of $428.03; that defendant was at all times mentioned in said petition, and is now duly qualified and acting county treasurer of Cimarron county, state of Oklahoma, and that said defendant accepted said check in payment of said taxes, and issued tax receipt No. 1777 of the 1921 series therefor; that said defendant indorsed said check and deposited the same with the First State Bank of Boise City, Okla.; that said bank in process of collection, forwarded said check to the Fourth National Bank of Wichita, Kan. and that said bank last named sent same to the First National Bank of Wichita, Kan.; that said check with other items for collection, was sent by said First National Bank of Wichita, Kan., to the said Citizens State Bank of Lamar. Colo., and said check was marked paid and charged to plaintiff's account and delivered to plaintiff; that at the time said check was presented to the said Citizens State Bank of Lamar, Colo., said bank was solvent and doing business as a bank and plaintiff had sufficient funds on deposit in said bank to pay said check; that when said check was presented for payment or soon thereafter said Citizens State Bank of Lamar, Colo., drew a draft on the Central Savings Bank and Trust Company of Denver, Colo., in favor of said First National Bank, of Wichita, Kan., as a remittance for said check and other items for collection and that before said draft was paid said Citizens State Bank of Lamar, Colo., failed and closed its doors and said draft was not paid: that thereafter. First National Bank of Wichita, Kan., charged back to the Fourth National Bank of Wichita, Kan., the amount of said check in the sum of $428.03 and said bank charged said amount back to the First State Bank of Boise City, Okla., which last named bank charged same back to the account of the defendant, W. H. Shepherd, as county treasurer of Cimarron county, state of Oklahoma, and that said defendant, on April 30th, 1923, canceled the copy of said tax receipt. held by him in his office and marked said taxes on the property described in said petition as unpaid and notified plaintiff that his tax receipt had been canceled and declared null and void, and notified plaintiff to again pay the amount of said taxes, and that said check with which said taxes were paid is hereto attached and marked 'Exhibit A'."

Judgment was rendered in favor of the defendant denying plaintiff's application for a peremptory writ of mandamus. Motion for new trial was filed and overruled, and the plaintiff brings the cause regularly upon appeal to this court upon petition in error and case-made.

It is contended that the action of the trial court in denying and refusing a peremptory writ of mandamus was not sustained by sufficient evidence and was contrary to law.

The vital question for determination on this appeal is the proper construction to be placed upon section 9651, Comp. Stat. 1921, which provides:

"All state, county, township, school district, city, town, road, bridge or other taxes shall be paid to the county treasurer either in the lawful currency or by check or draft upon a bank therein stated, or by postoffice or express order: and it shall be unlawful for any county treasurer hereafter to receive in payment of any taxes to be collected by him, state, county, township, school district, city or town warrants; Provided, that no treasurer shall be required to execute a tax receipt for any taxes except those paid lawful money. until the check, draft, post office or express order has been actually paid to him. And in case any such check, draft, postoffice or express order should prove to be worthless, it shall not operate as a payment of the tax for the payment of which

it was given, and any tax receipt or other receipt given therefor is hereby declared illegal and void."

No case has been cited by the counsel on either side in which the statute quoted has been construed by the Supreme Court of this state as it applies to the medium of payment employed by a taxpayer for the payment of his taxes.

An examination of such statute however, in the light of judicial expressions by courts of other states under similar but not identical statutes, leads us to the conclusion that it was the primary intent of the Legislature to enact a law by which the state or any political subdivision thereof could be placed in possession of its cash revenues supplied by public taxation without assuming any of the usual risks and liabilities resulting from the employment by the taxpayer for his own convenience of a bank check as a medium of payment.

The statute under consideration does not contemplate that a payment by the taxpayer of his taxes to the revenue collector by means of a check would constitute a valid payment where the circumstances under which the check was paid would ordinarily discharge the taxpayer from liability if the transaction had occurred between private individuals, but the statute, we think, contemplates that the proceeds of said check must be actually paid to the tax collector, whether such proceeds had been remitted to him in cash or, by a substituted check drawn upon the drawee bank and accepted by an agent of the tax collector, which substituted check had not been paid on account of the failure of the drawee bank, occurring after the original check had been marked paid and charged to the account of the taxpayer.

If, in the instant case, the bank check drawn by the plaintiff had been presented by the First National Bank of Wichita, Kan., to the drawee bank, and paid in cash to the First National Bank of Wichita instead of by means of a substituted check, and if the First National Bank of Wichita had undertaken to make a personal delivery of the cash to the First State Bank of Boise C'ty, and had lost the money while enroute so that the cash never actually reached the possession of the defendant, it would not have constituted such payment to the defendant as would satisfy the requirements of the statute. The statute contemplates actual payment to the tax collector, not payment under such circumstances as would discharge the taxpayer from liability if the transaction had occurred between private individuals.

While the statute under consideration recognizes the right of a taxpayer to employ a bank check as a medium of payment of taxes assessed against him, such right, we think, was given for the personal convenience of the taxpayer only, and he assumes the risk of negligence on the part of agents of the tax collector in collecting and forwarding the proceeds of such check to the tax collector after the check has been marked "paid" and charged on the records of the drawee bank to the account of the taxpayer.

It is true that this statute may appear to work a hardship upon the individual taxpayer, but this hardship, however great it may appear to be, must not be permitted to weigh against the larger interests of the state in the collection of its public revenue.

In the case of Skinner v. Mitchell (Kan.) 197 Pac. 569, it is said:

"The public is not bound by anything the treasurer does toward the acceptance of a check on a bank for the amount of the drawer's taxes, which is at most only a conditional payment. Whatever might be the rule as between individuals. no estoppel can be urged against the county, and as the tax money belongs to the county. no acts or representations of the treasurer would estop the county until the money actually came into his possession and control."

In 26 R. C. L. page 376, section 335, it is said:

"A check is not payment of a tax, until the check is paid, even if received by the collector as payment, and if the collector neglects to present the check for payment for several days and in the meantime the bank on which it was drawn becomes insolvent the tax may still be collected from the taxpayer."

In 37 Cyc. page 1164, it is said:

"The acceptance of a check on a bank for the amount of the drawer's taxes is at most only a conditional payment; that is, the taxes are not paid until the check is paid. and if it is never presented or is dishonored the taxes remain a charge."

In Moore v. Auditor General (Mich.) 81 N. W. 561, it is said, quoting with approval from Cooley on Taxation:

"A tax collector has no authority to receive anything in payment of taxes but such money as at the time is legal tender. or at least passes current. He has no right to receive the promissory notes of individuals and a bank check is only conditional payment. and taxes will remain in force if the check is dishonored."

We think that the statute was intended to protect the collectors of revenue in the different counties of the state against

checks that might not be paid to them. to the end that disputes as to payment of taxes would not be likely to arise, whatever might be the medium of payment employed. It follows from the plain provisions of the statute under consideration that the authorities cited and relied upon by the plaintiff have no application.

Whatever may be the rule governing the discharge of a drawer of a bank check as between individuals where the check has been presented and paid by a solvent drawee bank in which the drawer had sufficient funds to meet the check by charging same to the account of the drawer and the employment of a substituted check as a medium of payment in lieu of cash, such rule can have no application where the transaction is between a taxpayer and a collector of public revenue, acting on behalf of the county.

We are therefore of the opinion that the judgment of the trial court denying the peremptory writ of mandamus is correct and the same is hereby affirmed.

By the Court: It is so ordered.