SCHEAFER, Appellant, v. McFARLAND, County Treasurer of Minnehaha County, Respondent.

(207 N. W. 982.)

(File No. 5800.   Opinion filed March 12, 1926.)

1.  **Taxation—Principal and Agent.**
    Bank receiving payment of taxes and sending money to treasurer held agent of taxpayer.

2.  **Taxation—County Treasurer—Officers.**
    County treasurer has no power to make bank his agent to collect taxes.

3.  **Taxation—Depositing Money in Bank in Name of County Treasurer Did Not Make it Public Money.**
    Depositing money in bank in name of county treasurer, with agreement that it should be sent to county treasurer for payment of taxes, did not make it public money.

4.  **Taxation—County Treasurer.**
    Taxes are not paid as between taxpayer and county till money therefor actually comes into possession and control of county treasurer.

5.  **Taxation—Taxpayers Are Chargeable With Notice That Taxes Must Be Paid to County Treasurer, Who Has No Authority to Accept Anything But Money, Except as Provided by Statute.**
    Taxpayers are chargeable with notice that taxes must be paid to county treasurer, who has no authority to accept for such payment anything other than money, except in certain specific instances provided in statute.

6.  **Taxation—Payment—One Paying Taxes at a Bank Instead of to County Treasurer Must Stand Loss If Bank Fails Before Treasurer Receives Money.**
    Taxpayer, who for his own convenience paid taxes at bank instead of to county treasurer, must stand loss if bank fails before treasurer receives money, since equitable considerations cannot prevail against statutory requirements, and right of public to collection of public funds in accordance with statutory rules is paramount to rights of individuals.

Appeal from Circuit Court, Minnehaha County; Hon. Herbert B. Rudolph, Judge.

Mandamus by John Scheafer against H. B. McFarland, as County Treasurer of Minnehaha County. From an order sustaining a demurrer to the application, petitioner appeals. Affirmed.

*Danforth & Barron,* of Sioux Falls, for Appellant.

*Hugh S. Gamble* and *Lucius J. Wall,* both of Sioux Falls, for Respondent.

(3) To point three of the opinion, Appellant cited: Brown v. Sheldon State Bank (Ia.), 117 N. W. 290.

(4) To point four, Respondent cited: Turnbull v. Town of Alpena, 74 Mich. 625, 42 N. W. 114; Elliott v. Miller, 8 Mich. 132; Jones v. Wright, 34 Mich. 371; Caster v. Lewis, 2 Mich. 371; Cooley on Taxation, 452; City of Rawls (Ala.), 86 So. 374; Barnard v. Morrerd (Kan.), 39 Pac. 182; Skinner v. Mitchell (Kan.), 197 Pac. 569; Hough Store v. City (Mass.), 34 N. E. 93; Brodges v. Hurlbut (Ore.), 178 Pac. 793; State of Indiana v. Mutual Life Ins. Co., 175 Ind. 59, 42 L. R. A. (N. S.) 256.

CAMPBELL, J. Petitioner seeks a peremptory writ of mandamus requiring defendant as treasurer of Minnehaha county to issue and deliver to petitioner a tax receipt for certain taxes which he claims to have paid. The Colton State Bank was engaged in the banking business at Colton in Minnehaha county, and petitioner pleads an established custom as follows:

"That in accordance with the established custom that has prevailed in Minnehaha county, S. D. for many years, the said Colton State Bank, and other small banks in Minnehaha county, S. D., collected taxes for the county treasurer of Minnehaha county, S. D., from taxpayers residing in the vicinity of Colton, S. D., or in the vicinity of where said banks were located, and deposited the taxes so collected to the credit of the treasurer of Minnehaha county, S. D., in such respective banks, and that thereafter such banks notified the county treasurer of the payment of such taxes to said banks, and that the county treasurer of Minnehaha county, S. D., thereafter issued receipts to the various taxpayers who had paid their taxes at such banks, and that such custom was known to the respondent, McFarland, as county treasurer of Minnehaha county, and approved and sanctioned by him."

He further alleges that on March 14, 1924, in accordance with said custom, he paid his taxes to the Colton State Bank, and that the bank received the same and placed the money on deposit to the credit of defendant as county treasurer, together with other money likewise received from other taxpayers similarly situated, and notified defendant county treasurer that said taxes had been paid, and that the money was deposited to his credit in said bank, and furnished him with a list of the various persons who had so paid said taxes, including petitioner, and a description of the property upon which such taxes had been paid, all prior to April 1, 1924; that the county treasurer took no action in the matter until April 30th, when he drew on the Colton State Bank for the aggregate of the money paid to said bank by petitioner and others intended for payment of taxes, and by said bank placed on deposit to the credit of the county treasurer, in the total sum of $6,309.08, accompanying said draft by tax receipts for delivery to petitioner and others whose money had created said account upon the payment of the draft; that draft was returned unpaid because of the insolvency of Colton State Bank; that defendant, county treasurer, still retains the tax receipts prepared by him at the time of drawing on the Colton bank, and has advised petitioner and others similarly situated that they must come in and pay their taxes, or the receipts, which are still in defendant's possession, will be voided, and the full amount of taxes, plus penalty and interest, will be collected.

To petitioner's application for writ of mandamus, setting up substantially the foregoing facts, defendant, county treasurer, demurred, and from an order sustaining the demurrer petitioner appeals. This appeal involves the same fundamental principles as the case of Eggleston v. Plowman, 49 S. D. 609, 207 N. W. 981, recently decided by this court. In a very similar case, Skinner v. Mitchell, 197 P. 569, 108 Kan. 861, a custom had grown up corresponding to the one here pleaded, and the petitioner paid his taxes to the outlying bank, who deposited the same to the credit of the county treasurer and sent the county treasurer a credit slip, and the petitioner alleges that the treasurer accepted the credit slip, which was sent to him about December 21st, and did nothing more with reference to the matter until January 17th, when he drew on the bank for the deposit, and payment of his draft was

refused because of the insolvency of the bank, and petitioner in the Kansas case stated his contention as follows:

"We do not claim that the deposit slips were some sort of bill or negotiable instrument or that the giving of the slips to the treasurer was the act of payment. We claim that the slips were only evidence of payment; that the real act of payment was the placing. of the money in the bank to his credit, and there subject to his check and order, and to no other person's order or demand; that the acceptance and retention of the slips by the treasurer for at least 30 days, and some of them for as long as 53 days, and until the bank was closed, together with the fact that he and the county clerk were treating and crediting the deposit as a public fund, is a final and complete acceptance of the payment."

But in reference to that contention the court said:

"The principles of law upon which this claim is predicated are sound, and have received the fullest sanction of courts when applied to controversies arising between individuals, but in controversies arising between individuals and the public these principles have no room for application. All money from the payment of taxes is public money, and belongs to the county. The powers and duties of the county treasurer and county clerk in respect to public money and the payment of taxes are defined by statutes, and the county will not be estopped by a misinterpretation of the statutes by either officer."

[1-4] We are of the opinion that the Colton bank, under the facts of the instant case, was an agent of the appellant, and the respondent, county treasurer, had no power, by custom or otherwise to make the Colton bank his agent in his official capacity to collect taxes. Neither appellant nor the Colton bank could make the money paid by appellant public money by depositing the same in the bank in the name of the county treasurer, and appellant's taxes could not be paid as between himself and the county, or the county treasurer in his official capacity, until the money therefor actually came into the possession and control of the county treasurer.

[5, 6] We are not unmindful of the fact that many other persons are without doubt in a like situation as appellant herein, and to hold that the taxes have not been paid, under circumstances such as are involved here, may mean considerable individual

hardship.   Appellant, however, and others similarly situated, are chargeable with notice that taxes, under the law, must be paid to the county treasurer who has no authority to accept for such payment anything other than money, excepting in certain specific instances.   If for their own convenience appellant and those similarly situated have endeavored to adopt some other method of paying their taxes they must abide the result.   The public also has an interest in the matter, and in this connection we quote with approval the words of the Kansas court in Skinner v. Mitchell, supra, as follows:

"The court is powerless to relieve the hardships that must result to this great number of taxpayers who believed when they parted with their money that their taxes were paid.   But equitable considerations cannot prevail against statutory requirements, and the rights of the public to the collection of public funds in accordance with statutory rules is paramount to the rights of individuals."

The order appealed from is affirmed.