(No. 21612.—

THE PEOPLE OF THE STATE OF ILLINOIS *et al.* Appellees, *vs.* THE WAUKEGAN STATE BANK *et al.*—(L. ELMER HULSE, Receiver, Appellant.)

*Opinion filed February 23, 1933.*

LITCHFIELD & SNYDER, (GERALD C. SNYDER, of counsel,) for appellant.

OSCAR E. CARLSTROM, Attorney General, A. V. SMITH, State's Attorney, and RUNYARD & BEHANNA, (EUGENE M. RUNYARD, and PAUL D. DOOLEN, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The Auditor of Public Accounts closed the Waukegan State Bank and on July 28, 1931, appointed a receiver, who qualified and took possession of all its assets. Later the Auditor filed a bill in the circuit court of Lake county to liquidate the affairs of the bank. On November 24, 1931, the People of the State of Illinois, and Jay B. Morse individually and as county treasurer and *ex-officio* county collector of Lake county, filed a bill in the circuit court against the bank, the receiver and the Auditor, alleging that at the time the bank closed, Morse, as such treasurer and *ex-officio* county collector, had on deposit in said bank $367,768.74; that $304,200.91 of that amount was undistributed general taxes, the property of the State of Illinois, and by reason thereof should be paid in priority of general creditors of the bank. The receiver's answer to the bill denied the right of preference on the ground that Morse not having asserted any claim to preference from the date of the closing of the bank until after the appointment and confirmation of the receiver, the right of the State to a preference over other creditors had become waived and lost. The decree found that $303,818.42 were moneys and funds collected and received as undistributed taxes and that said funds are the property of the State of Illinois. It ordered that amount be paid in preference to general creditors and allowed the sum of $61,930.31 as a general claim against the bank. From that decree this appeal is prosecuted by the receiver.

At common law the sovereign was entitled to a preference over other creditors as to the property remaining

undivested in a debtor at the time the preference was asserted. This prerogative of the sovereign could not be defeated by placing the debtor's property in the hands of a third person or *in custodia legis*. It could be destroyed only by divesting the debtor of his property and vesting the title to it in another person absolutely or by way of a lien. *Marshall* v. *New York*, 254 U. S. 38, 65 L. ed. 315.

It is conceded that under the common law the State had the sovereign's prerogative of preference over other creditors, but it is contended that by reason of the amendment of 1929 to section 11 of the Banking act the appointment of a receiver vested in him the title to all assets and that thereafter the State had no right to assert the prerogative. This contention is based on the fact that in 1929 said section was amended by addition of language which vested in the receiver title to the assets "for the purpose of the receivership." The title of the debtor's property was not vested in the receiver absolutely or by way of a lien but was placed in him "for the purpose of the receivership." His title was restricted to that purpose, only. He was to marshal the assets of the bank and distribute them according to the respective rights of those concerned. The State had a preferred claim, and it was as much his duty to protect it with ·its legal advantages as to protect any other valid claim. The amendment of 1929 was not intended to destroy the State's prerogative or to make it ineffective after the appointment of a receiver. There was no purpose, desirable to the State, to relinquish such a valuable right, and it is well settled that the rights of a sovereign are never impaired by a legislative enactment unless such an intent is expressly declared in the statute. *United States* v. *Knight*, 14 Pet. (U. S.) 301; *United States* v. *Herron*, 20 Wall. (U. S.) 251; *Dollar Bank* v. *United States*, 19 id. 227.

This court had occasion in *People* v. *Marion Trust and Savings Bank*, 347 Ill. 445, to consider the effect of said statutory amendment. The Auditor filed a bill in the cir-

cuit court of Williamson county for the purpose of liquidating the affairs of the bank. The county collector filed an intervening petition praying that the receiver be ordered to pay him as a preferred claim $75,030.51, undistributed taxes, in which the State had an interest. The contention was made in that case, as it is in this one, that by the amendment of 1929 the receiver was invested and the bank divested of title to all the assets of the bank, and that the right to preference was lost by the failure to assert it prior to the appointment of the receiver. We held that the preference of the State to undistributed tax money on deposit in the insolvent bank was not lost by the appointment of a receiver, and there appears no good reason to recede from that holding.

The decree of the circuit court is affirmed.

*Decree affirmed.*