(No. 21977.—■■■■■■■■■■■)

THE PEOPLE *ex rel.* J. Ward, Smith, County Collector, Defendant in Error, *vs.* PAT WOODS, Plaintiff in Error.

*Opinion filed October 21, 1933—Rehearing denied Dec. 14, 1933.*

STONE and HERRICK, JJ., dissenting.

JOHN H. ARMSTRONG, and BUTTERS & BUTTERS, for plaintiff in error.

ELMER MOHAN, State's Attorney, and HIBBS & POOL, for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

The plaintiff in error, Pat Woods, being the owner of certain lands in LaSalle county, Illinois, on September 26, 1931, attempted to pay the taxes thereon by the use of two checks. One of them was a check on the First National Bank of Ottawa, Illinois, which is not involved in this litigation, and the other one drawn by himself on his own account at the Ottawa Banking and Trust Company. On the date above mentioned, which was Saturday, he delivered these two checks to the county treasurer of LaSalle

county at his office in Ottawa and received a receipt for his taxes, on the back of which was printed the following: "When a check given in payment of taxes is not honored by the bank on which it is drawn, this tax receipt is null and void and the taxes remain unpaid." In the handling of this check the county treasurer was negligent under the rule pertaining to negotiable instruments, in that it was not presented to the bank on which it was drawn before the close of business on the next ensuing business day, which was Monday, September 28. Instead of so presenting it, both parties to the instrument and the bank on which it was drawn being residents of the same city, he deposited it in the First National Bank of Ottawa, and it was not presented until a later date. In the meantime, on Tuesday, September 29, 1931, the Ottawa Banking and Trust Company failed and the check was never paid. The county treasurer thereafter notified the plaintiff in error that his taxes were not paid and his tax receipt was canceled, and subsequently, in the regular way, he applied for judgment and order of sale, which were granted by the county court of LaSalle county. This writ of error is sued out for the purpose of reviewing the judgment of the county court, the plaintiff in error claiming that the acceptance of the check by the county collector drawn on a bank in which the plaintiff in error had ample funds to pay it, constituted a valid payment of his taxes, and that when the county collector received and accepted the check in payment of taxes and issued his tax receipt therefor he was in duty bound to present the check for payment within a reasonable time after he received it or stand any loss resulting from such failure to do so.

We are not called upon to decide the last above question, as there is nothing before us for determination on the question of whether or not the county treasurer may be liable to the plaintiff in error for his negligence in failing to present the check within a proper time, but are

only required to consider the first point, as to whether or not the giving and acceptance of the check under the circumstances stated constituted a payment of the taxes. If the taxes were not paid the judgment of the county court must be affirmed, but if they were paid that judgment should be reversed.

The statute governing the matter under consideration is paragraph 172 of chapter 120, (Cahill's Stat. 1931,) which provides as follows: "The revenue for State purposes shall be collected in gold and silver coin, United States legal tender notes, current national bank notes and Auditor's warrants, and in no other currency." This statutory language is so plain and unambiguous in its terms that it is instantly apparent that the taxes of the plaintiff in error are not paid unless it be upon some theory of estoppel or negligence. The public treasury has not received the money, and it is not claimed that any payment has been made either in gold or silver coin, United States legal tender notes, current national bank notes or Auditor's warrants, thus leaving for our consideration the single question of whether or not the negligence of the county collector can be held to constitute a bar or estoppel as against the people.

The general rule is that the neglect or omission of public officers cannot work an estoppel against the State, (10 Ruling Case Law, p. 705,) and we can see no reason for departure from that general rule in this case. The point is new in Illinois, but it has been passed on in many other jurisdictions, all of them arriving at the same conclusion. One of the more recent cases which is exactly in point is that of *Vial* v. *Faradis,* 255 Pac. (Ida.) 643, 53 A. L. R. 191. The Idaho statute appears to be substantially the same as our own, requiring all taxes to be paid in money and nothing else. The plaintiff, Vial, gave his check for the taxes to the order of the county treasurer upon a bank in which he had ample funds to cover. The county treas-

urer did not present the check within a reasonable time and before he presented it the bank failed, whereupon the tax collector canceled the record of payment on the county records and the plaintiff brought his action against the treasurer and the county board for an order declaring the taxes to be paid. A general demurrer to the petition was sustained and the plaintiff appealed to the Supreme Court of Idaho. In holding the tax-payer still liable the Supreme Court of Idaho uses the following language: "The county treasurer and tax collector is not authorized to accept in payment of taxes anything other than lawful money of the United States. An almost unbroken line of authorities take the position that a check is not payment of a tax until the check is paid even if received by the collector as payment, and if the collector neglects to present the check for payment for several days and in the meantime the bank on which it is drawn becomes insolvent, the tax may still be collected from the tax-payer." Among other cases holding to the same effect are *Moritz* v. *Nicholson,* 106 So. (Miss.) 762; *Labrier* v. *Leedy,* 104 Okla. 54, 230 Pac. 253; *Barnard* v. *Mercer,* 54 Kan. 630, 39 Pac. 182; *Manck & Bauer* v. *Fratz,* 7 Ohio Dec. (Re-print,) 705; *Eggleston* v. *Plowman,* 207 N. W. (So. Dak.) 981, 44 A. L. R. 1231; and in Canada the case of *Collings* v. *Calgary,* 10 Alb. L. R. 102, affirmed in 37 D. L. R. 804. Cooley lays down the same rule in 3 Cooley on Taxation, (4th ed.) par. 1252.

The plaintiff in error relies upon two Illinois cases and certain words and sentences contained in them. The first of these cases is *Johns* v. *McKibben,* 156 Ill. 71. This was an action of ejectment, and the vital point in the case, so far as this matter is concerned, was a question as to who had paid the taxes on the land in question for the year 1892. One of the parties (Kramer) paid the taxes by giving a check to the county collector's brother, who had the books and who marked "paid" opposite the lands

but did not turn the check over to the collector until the following Monday evening. On Monday morning the other party to the suit paid the taxes in money to the collector, who then for the first time became apprised of the check previously given to his brother. In the course of the opinion, on page 77, the court uses the following language relied upon by the plaintiff in error: "The collector undoubtedly might receive a check in payment, and if so received the transaction would constitute a valid payment of the taxes." The collector in that case, on receipt of the money from McKibben, erased the mark previously made by his brother and added the words, "Paid by McKibben & Co." The matter was adjusted, when the excess of funds was discovered, by paying back to Kramer the money received from McKibben. On page 78 of the opinion the court says: "It is familiar doctrine that the collector has no authority to receive anything in payment of taxes except money. He cannot be required to receive a note or check on a bank, for such checks would be only a conditional payment.—Cooley on Taxation, 452." There was no question before the court similar to the one now being considered. It was a suit between private individuals to determine who had actually paid the taxes that year, and no question was involved as to the failure of a bank or any negligence on the part of the collector, and the case can not be an authority in this one.

The other Illinois case relied upon by plaintiff in error is *People* v. *Lamb,* 277 Ill. 584. In that case Lamb paid part of his taxes to the county treasurer of Cook county by a cashier's check, withholding the balance of the taxes in accordance with a statement accompanying the check on advice of counsel, on account of certain objections to various parts of the Cook county taxes. The treasurer returned the check with a statement as follows: "We can not accept this payment for the following reasons: You must show on both the original and duplicate bills the exact

amount which you intend to pay on each and every item. If you will comply with this requirement we will accept your payment on account and issue receipt accordingly." The tax-payer complied with the requirement of the treasurer but not until a later date, whereupon the treasurer refused the tender because it did not include a penalty which had accrued during the interim. A judgment of tax sale was entered against the real estate and the tax-payer appealed to this court. In this court the county treasurer contended that the tender was rightfully refused, first, because it was not a legal tender, and second, because it was not made to appear that the check tendered was sufficient to pay all the taxes except those objected to. In the opinion we used the following language: "The first reason would have been a valid one if that had been the reason of the refusal, but it was not. The treasurer invited payment by check when he sent out the tax bill, which bore the statement, printed conspicuously at the top, 'Remittance by mail must be by draft, money order or certified check payable to the order of Henry Stuckart, county collecter.' In compliance with this request the appellant mailed the check, and the reason given for its refusal was not that it was not a legal tender but another reason which was insufficient." In that case we held that the only difference between the two tenders was, that in the last the appellant complied with the requirements which we held the collector had no right to impose, and we held that if the second tender was sufficient the previous one was also sufficient, and reversed the judgment and remanded the cause.

It will readily be seen that there is a difference in the facts between the case now under consideration and the one above quoted from. Without any necessity for so holding, because the point had not been raised in the trial court, we nevertheless clearly stated that the check was not a legal tender. There was no question as to the sufficiency or soundness of the check which was offered, nor any question

but that it would have been paid in due course had it been deposited. There was no bank that failed nor any negligence on the part of the county treasurer. Language in the opinion in the *Lamb case* inconsistent with the holding in this case is not adhered to.

Regardless of the negligence of the county treasurer in the instant case, and no matter what rights may exist as between the plaintiff in error and the county treasurer as between two citizens, we are of the opinion, and hold, that taxes cannot be paid except in the manner prescribed by the statute and in the currency therein specified, and that a payment by check is a conditional payment, only, until the check is actually paid.

The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE HERRICK, dissenting:

The tax bill in this case sent by the county collector to tax-payers, notifying them of the amount of their taxes, contained this statement, amongst others, printed on the back of each tax bill:

*"Remittances:* Make all remittances payable to J. Ward Smith, county collector. In remitting by mail kindly return this statement, together with a duplicate attached, with your check, draft or postal order, that we may locate the property on which you wish to pay. When a check given in payment of taxes is not honored by the bank on which it is drawn, the tax receipt is null and void and the taxes remain unpaid."

This matter printed on the tax bill does not mention money. It was an invitation by the county collector to the tax-payer to pay his taxes by check, draft or postal order. By this invitation to pay by check the county collector, impliedly, at least, agreed to use all due diligence required of him by statute in the collection of any check given to him in payment of taxes. The majority opinion

in this case finds that he was guilty of negligence in not collecting the check given by the plaintiff in error in payment of his taxes. The proof shows, without any contradiction whatever, that the plaintiff in error at the time of delivering such check to the county collector, and from that time until the bank closed, had, subject to check, more than sufficient funds in the bank on which the check was drawn with which to pay such check. The proof further shows that on receipt of such check by the county collector he entered on his official records the taxes due from the plaintiff in error as paid, and on the same occasion issued and delivered to the plaintiff in error tax receipts showing his taxes paid in full. The majority opinion is bottomed on section 154 (par. 142) of the Revenue act. The majority opinion holds that because the taxes were not paid in the medium prescribed by the statute, no payment by such check, estoppel or waiver could be pleaded against the defendant in error. Cases from foreign jurisdictions, and Cooley on Taxation, are cited, but no Illinois decisions are cited in support of the opinion.

The majority opinion is diametrically opposed to the previous decisions of this court recognized as stating the correct rule of law applicable to cases similar to the one presented by the record in the present case. We held in *Johns* v. *McKibben,* 156 Ill. 71, that a tax collector might lawfully receive a check as payment, and, if so received, the transaction constituted a valid payment of taxes. *People* v. *Lamb,* 277 Ill. 584, involved the question of the validity of a tender made by means of a bank check in payment of taxes. The county collector refused to accept the check but based his refusal on the ground not that payment was tendered by check but that the amount tendered by the check was not sufficient. The opinion in that case does not disclose that the point was urged upon this court that taxes could only be paid in money under our statute. We have examined the briefs in that case. The brief for

the People there expressly raised the question that the tender of a check was not a legal tender under section 154 of the Revenue act—that the collector could only accept money in payment of taxes—and cited in support of such contention the following purported excerpt from the case of *State Treasurer* v. *Collector of Sangamon County*, 28 Ill. 509: "The Revenue act provides that the revenue shall be collected in gold and silver coin, United States legal tender notes and current national bank notes, and in no other currency. The mandate of the State cannot be disobeyed." While the above quotation is not technically correct, yet the substance of the purported quotation is stated in that opinion. In discussing the question of the tender made by medium of the check to the county collector in the *Lamb case* this court said: "It is now claimed that the tender was rightfully refused, first, because it was not a legal tender; and second, because it was not made to appear that the amount of the check tendered was sufficient to pay all the taxes except the county. * * * The first reason would have been a valid one if that had been the reason of the refusal, but it was not. The treasurer invited payment by check when he sent out the tax bill, which bore the statement, printed conspicuously at the top, 'Remittance by mail must be by draft, money order or certified check payable to the order of Henry Stuckart, county collector.' In compliance with this request the appellant mailed the check, and the reason given for its refusal was not that it was not a legal tender, but was another reason which was insufficient."

The principle that the county collector may accept a check in payment of taxes and waive his right to insist on the payment of taxes in money is *stare decisis* in this State. (*Ohnesorge* v. *Chicago City Railway Co.* 259 Ill. 424; *Geohegan* v. *Union Elevated Railroad Co.* 266 id. 482.) Our decisions must be consistent if we are to have settled, fixed laws in this State.

As between the county collector and the different taxing bodies the county collector is required to account for the taxes collected in the medium provided by section 154 of the Revenue act, but as between the tax-payer and the county collector the latter may, though at his peril, waive the payment by the tax-payer in money as provided by section 154. If the county collector had insisted upon the payment of the taxes in money, as provided by section 154, the tax-payer would doubtless have paid his taxes in money. However, the county collector invited payment by check, and the check given would have been paid had it been presented in due course of business. As between the collector and the tax-payer, the tax-payer should not be forced in the present case to bear the loss occasioned by the failure of the county collector to collect the check. The county collector waived the payment, as he lawfully might as between himself and the tax-payer, of the taxes in money, and by the acceptance of the check, which would have been paid had it been presented in due course, the taxes of the plaintiff in error were paid.

Under modern business conditions the great majority of financial obligations are paid by bank checks or bank drafts. To hold that a county collector dealing with the public may not accept a check or draft in payment of taxes under the authority of the *McKibben* and *Lamb cases, supra,* would be a step backwards and result in needlessly cumbersome methods of paying taxes. Of course, if the check or draft is not paid when presented in due course there would be no payment of taxes.

The county court should have sustained the objections of the plaintiff in error to the application of the county collector for judgment and order of sale.

Mr. JUSTICE STONE: I concur in the foregoing dissenting opinion.