[File No. 6248.]

GUST HAGA, Appellant, v. GRAND FORKS COUNTY, a Municipal Corporation, and John Sandbek, as Treasurer of Grand Forks County, Respondents.

(253 N. W. 849.)

Opinion filed March 24, 1934.   Rehearing denied April 13, 1934.

*George A. Bangs* and *Aaron T. Jahr,* for appellant.

*W. B. Arnold,* State's Attorney, and *J. B. Wineman,* Assistant State's Attorney, for respondent.

Burr, Ch. J. The plaintiff seeks to compel the defendant John Sandbek, as treasurer of Grand Forks county, to issue to him a receipt showing the payment of 1932 taxes. The trial court denied an application for mandamus and plaintiff has appealed.

On February 23, 1933 the plaintiff, in order to pay his taxes, purchased from the Northwood State Bank a draft on the First National Bank of Grand Forks, for the amount of his taxes and other items, "payable upon presentation to the order of the said defendant Sandbek, as treasurer of the county of Grand Forks," and at that time the Northwood State Bank had on deposit in the First National Bank in Grand Forks to its credit sufficient funds to pay the amount of said draft. The draft was received by the treasurer the next day but was not made ready for deposit "in the said First National Bank until on or after the Governor of this State had issued his Proclamation declaring a bank holiday within the State of North Dakota on March 4, 1933" and the President of the United States had "made and issued his Proclamation requiring all national banks to abstain and refrain from carrying on all ordinary banking functions and business, including the paying of checks and drafts, . . ."

It is admitted the First National Bank of Grand Forks did not pay the draft. The trial court found that the county treasurer was prepared to present it for payment on March 4th when he was notified of the Proclamations, did not present the draft, and that the First National Bank has remained closed since so far as this draft is concerned; that at the time this draft was received the county treasurer's office was swamped with mail containing drafts for taxes, that it was necessary for him to compare the checks, and drafts with his books to ascertain the correct amount and correct description of the property, and that it usually took about a month after the first day of March to attend to such business when the checks and drafts are received during the last few days in February.

The appellant alleges error on the part of the court in making such findings; but the law involved does not require any analysis of the testimony. If the plaintiff paid his taxes to the county treasurer he is entitled to his tax receipt there being no question as to the sufficiency of the amount tendered by means of the draft.

The ordinary rule is that taxes must be paid in lawful money of the

United States and in the absence of a statute to the contrary the treasurer cannot bind the county by the acceptance of any other medium. State v. Mutual L. Ins. Co. 175 Ind. 59, 93 N. E. 213, 42 L.R.A. (N.S.) 256; Weidler v. Arizona Power Co. 39 Ariz. 390, 7 P. (2d) 241. If he accepts a draft he does so at the taxpayer's risk. Until the money is received by the county the taxes are not paid. Scheafer v. McFarland, 49 S. D. 605, 207 N. W. 982. The taxpayer is charged with knowledge of this requirement. Weidler v. Arizona Power Co. supra.

The fact that the treasurer received and retained the draft for some time does not estop the county from insisting on the payment of taxes in money. The public is not bound to accept anything except money. A check is not a payment of a tax until the check is paid, even if received by the collector as payment, and even if the collector neglects to present it for several days so that the bank on which the draft is drawn becomes insolvent. See Skinner v. Mitchell, 108 Kan. 861, 197 P. 569; Moore v. Auditor Gen. 122 Mich. 599, 81 N. W. 561; 26 R. C. L. 376; 61 C. J. 962, 964.

This rule pertains even though the draft is never presented. See Eggleston v. Plowman, 49 S. D. 609, 207 N. W. 981, 44 A.L.R. 1231; Vial v. Paradis, 44 Idaho, 157, 255 P. 643, 53 A.L.R. 191; Houghton v. Boston, 159 Mass. 138, 34 N. E. 93. Negligence of the county treasurer in failing to present a check is not chargeable to the county. He is in fact the agent of the taxpayer in this respect. Morgan v. Gilbert, 207 Iowa, 725, 223 N. W. 483. The forwarding of a bank check by a taxpayer does not "relieve him of liability or the property from a lien for taxes until the currency represented by such check is actually in the hands of the county treasurer." Haynie v. Bryant & Parker, 117 Okla. 138, 245 P. 612, 614.

But appellant, while recognizing the generality of this rule, says our statutes have varied it. He admits the rule stated and says "the reason for the rule is that the treasurer or collector, is a public officer; his duties are prescribed by law; under the law he has no authority to accept anything other than money; the law is known to the taxpayer, as well as the collector, hence the check or draft is a mere means adopted by the parties for their convenience to accomplish the transfer of the money and until such transfer is actually accomplished the tax

is not paid," but urges the legislature has final and complete control of the tax payment medium and our legislature, by means of chapter 244 of the Session Laws of 1929 has provided for the payment of taxes by check, draft or money order.

This statute, in § 1, provides that: "The county treasurer and other officials charged with the duty of collecting public moneys may in their discretion accept bank checks and drafts, express and post-office money orders in payment of any tax, assessment, fee or license."

Section 2 said: "The acceptance, however, of any check, draft or money order shall be subject to collection, and shall constitute a payment of the tax, . . . for the payment of which it was tendered only when it shall have been duly honored and paid."

This § 2 was carried into chapter 277 of the Session Laws of 1931 and amended by it, by adding: "If, on due presentment, any check, draft, or money order so accepted shall for any reason not be honored or paid, any record of payment or redemption that may have been made on any official record because of the acceptance of such check, draft or money order, shall be cancelled, and the tax, assessment, fee or license shall stand as a charge and lien just as though no credit had been given or payment attempted. For the purpose of making certain such cancellation the officer accepting any check, draft or money order shall make whatever memoranda may be necessary to enable him to make the proper cancellation upon the return, of any check, draft or money order, that has not been paid.

"Upon payment of taxes to the County Treasurer by check, draft or money order, the Treasurer shall note on the tax receipt the method or manner of payment whether in cash or by check, draft, or money order and a like notation shall be made on the tax list, provided that in case of redemption the notation as to method or manner of payment shall be made on the Auditor's tax sale record."

Plaintiff says these statutes authorize a treasurer to accept a draft and that the county is subject to the same rules regarding due presentation of the draft as is any recipient in a private capacity.

We do not so construe the statutes. The legislative action is evidently based upon the general knowledge that business is transacted largely by means of checks or drafts; that it is an accommodation to a taxpayer to permit him to tender his taxes in this manner; that it is embar-

rassing to a tax collector to be required always to insist upon money and therefore he may accommodate the taxpayer by taking his check or draft and cashing it; but the rights of the county and the state are safeguarded by the provision that the taxes are not paid until the money is received.

As said by the Supreme Court of Oklahoma in Labrier v. Leedy, 104 Okla. 54, 230 P. 253: "The statute is not satisfied merely by payment under such circumstances as would constitute a valid payment and discharge the taxpayer from liability, if the transaction had occurred between private individuals." The Oklahoma statute authorized taxes to "be paid to the county treasurer either in the lawful currency or by check or draft upon a bank therein stated, or by postoffice or express order;" but specifically provided that a tax receipt should not be issued "for any taxes except those paid in lawful money, until the check, draft, postoffice or express order has been actually paid to him." The Oklahoma statute makes further provision for the cancellation of any tax receipt already issued when the check or draft appears to be worthless. The court holds that such statute was enacted "for the personal convenience of the taxpayer only, and he assumes the risk of negligence on the part of agents of the tax collector in collecting and forwarding the proceeds of such tax to the tax collector."

The plaintiff, while admitting the general rule, states that the import of the legislation set forth in the session laws quoted is to render the transaction between the county treasurer and the taxpayer subject to the same rules regarding the presentation of checks and drafts as in private transactions and therefore the rule laid down in the authorities cited does not apply. He cites us to People ex rel. Smith v. Woods, 354 Ill. 224, 188 N. E. 369, to the effect that such draft is a conditional payment, and to the analysis of Illinois cases made therein; but the decision cited is definite on the point that even negligence of the treasurer to present the check in time does not estop the state from demanding payment in legal tender, despite the reasoning in the dissenting opinion of Justice Herrick.

Our legislature did not intend to make the acceptance of a check or draft a payment of taxes in such a case as this; in fact the statute shows the intent to restrict the effective use of such media to cases of collection only. Nor did it intend that the question of payment or non-

payment should depend upon the activity or negligence of the treasurer in presenting the check or draft. It in effect made the treasurer the agent of the taxpayer in presenting the check or draft as the legislation was for the accommodation of the taxpayer. The rule that taxes must be paid in cash still abides in this jurisdiction.

We are not compelled to determine whether, under the circumstances of this case, the county treasurer is personally liable to a taxpayer because of his failure to present the draft for payment. That is a matter between the taxpayer and the treasurer personally.

The plaintiff having shown no clear ministerial duty to be enforced the trial court was correct in refusing to issue the writ. The judgment is affirmed.

BURKE, NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.