75 F.2d 618 (1935)
In re MARTIN.
SWEET
v.
DIRECTOR OF FINANCE OF STATE OF ILLINOIS.
No. 5242.
Circuit Court of Appeals, Seventh Circuit.
February 8, 1935.
*619 Frank E. Trobaugh and Stephen E. Brondos, both of West Frankfort, Ill., for appellant.
Otto Kerner, of Springfield, Ill., William C. Clausen, of Chicago, Ill., J. E. Houston, of Springfield, Ill., and W. B. Johnson, of Benton, Ill., for appellee.
Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.
ALSCHULER, Circuit Judge.
The District Court allowed as a preferential or prior claim the demand of the State of Illinois by its director of finance against the bankrupt estate for $4,525.78. The trustee appeals.
The bankrupt sold motor fuel at his filling station in Illinois, and the state demand is for collections made by bankrupt of taxes on such fuel sales due the State of Illinois under the then recently enacted Motor Fuel Tax Law (Smith-Hurd Rev. St. Ill. 1929, c. 120, § 417 et seq.) and unpaid to the state at the time of the bankruptcy.
In order to qualify as a licensed distributor under the act, bankrupt had tendered the director the required bond for $5,000 to secure proper accounting for and payment of *620 collections of taxes on sales of motor fuel he would make as a distributor. The director refused to accept the bond and returned it to him; but, for several months next preceding the bankruptcy, bankrupt nevertheless continued to sell and distribute motor fuel and to collect the tax thereon without having given any bond or received a license as a distributor. The amount realized from all the assets of the estate was but slightly larger than the priority claim awarded the state.
The contention of priority over general creditors is not based on section 64a of the Bankruptcy Act, as amended [11 USCA § 104 (a)] which allows priority for taxes due a state, but upon section 64b (7), which awards priority for "debts owing to any person who by the laws of the States or the United States is entitled to priority: Provided, That the term `person' as used in this section shall include corporations, the United States and the several States and Territories of the United States." 11 U. S. C. § 104 (b) (7), 11 USCA § 104 (b) (7).
Whether the sum thus collected by bankrupt is such a debt due the state as to entitle the state to priority under section 64b (7) is the main question for review.
Appellee maintains that under the common law in force in Illinois any debt which is due the state is entitled to priority in payment as against other debts of the debtor. Smith-Hurd Rev. St. Ill. 1933, c. 28, § 1; par. 1, c. 28, Cahill's Ill. Rev. Stat. 1933, which was approved March 5, 1874, provides: "* * * the common law of England, so far as the same is applicable and of a general nature, and all statutes or Acts of the British parliament made in aid of, and to supply the defects of the common law, prior to the fourth year of James the First, excepting the second section of the sixth chapter of 43d Elizabeth, the eighth chapter of 13th Elizabeth, and ninth chapter of 37th Henry Eighth, and which are of a general nature and not local to that kingdom, shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority."
That by the common law of England debts due the sovereign have priority over other creditors of the same debtor was declared in Giles v. Grover, 9 Bing. 128, 139, 157, 183, and in In re Henley & Co., 9 Ch. D. 469 (see Marshall v. New York, 254 U. S. 380, 41 S. Ct. 143, 65 L. Ed. 315). The Supreme Court of Illinois has declared it to be the law of the state that, under the common law as it exists in Illinois, debts due the state are entitled to priority in payment over those due to the debtor's general creditors. People v. Farmers' State Bank, 335 Ill. 617, 167 N. E. 804, 65 A. L. R. 1327; People v. Bank of Chebanse, 340 Ill. 124, 172 N. E. 50; People v. West Englewood Bank, 353 Ill. 451, 187 N. E. 525.
That this is the law of the state is not seriously controverted. But is it contended that the Motor Fuel Tax Law is in itself a complete code upon its subject-matter; and as it fails to specify that the state shall have a prior claim upon the assets of a debtor who collects and fails to pay over motor fuel tax, the common law, as applied to priority for debts in general owed the state, was repealed in respect to claims arising under the Motor Fuel Tax Law. The act makes provision for the appointment of distributors of motor fuel, and for the giving by the distributor of a bond to the state to secure payment to the state of collected motor fuel taxes; but such bond, if given, is further security to the state that the person collecting such tax will pay it over. If for any reason the state could not or did not realize on any such security, the relation of the state toward one who had collected and withheld payment of such taxes would in our judgment be the same as if such bond had not been required by the law.
There is no inconsistency between the state's common-law right of priority for a debt thus arising and the taking of security by bond as provided by the act. We perceive no valid reason why the common law and the statutory securities to the state may not co-exist. Even had a bond been accepted by the state, the state's right of priority, as of a debt due the state from one who had collected and converted its revenues, would remain unaffected and undisturbed. No intent or purpose to forego the state's common-law right of priority in such a case can be gathered from the Motor Fuel Tax Law, or from any other legislation to which we have been referred. Repeals of law by implication are not favored. People v. West Englewood Bank, supra; People v. Waukegan State Bank, 351 Ill. 548, 184 N. E. 811.
Appellant makes the contention that because the representatives of the state permitted bankrupt to continue for several months distributing motor fuel and collecting the tax without his having complied with the law by giving the state a bond and receiving a distributor's license, the state is in no event such a creditor of the bankrupt as to be entitled to priority. Bankrupt assumed *621 to act in the capacity of a distributor and collected the fuel tax to which the state, under the law, was entitled. Surely it was not for bankrupt to interpose his want of compliance with the law as a defense against the state's recovery of what he had thus collected. What so came into his hands was money had and received by him for the use of the state, in virtue whereof the relation of debtor and creditor came into being, a relation all-sufficient, regardless of how brought about, to invoke the application of the bankruptcy law giving a state priority for its debt. We are satisfied the omission of the state to require a bond of the bankrupt, and its failure to restrain him from vending motor fuel and collecting the tax, does not affect the state's position as a creditor entitled to priority under section 64b (7) of the Bankruptcy Act, as amended.
Appellant makes the point that none of the tax so collected by bankrupt was traced into the funds which came to the trustee in bankruptcy. If this were an undertaking to recover trust funds from the bankrupt estate it would, in general, be necessary to trace them in some way into the assets. The claim of the state is not predicated upon any trust theory, but upon its right of priority in its debtor's assets which the common law in force in Illinois gives the state for debts due it. The tracing of the collected taxes into the estate's assets is not necessary to give the state priority if otherwise it is entitled thereto.
Appellant contends that, conceding the common-law right of a state to priority for its debt in the assets of its debtor, this priority in the assets would not survive a bona fide conveyance to another of the debtor's assets whereby the title of the debtor is extinguished. It may be conceded that this priority is not in the nature of a specific lien on the assets which would attach to them under all circumstances. Appellant's contention is that the bankruptcy extinguished the bankrupt's right to the property, which thus passed to the trustee in bankruptcy. The assets of the bankrupt are in custodia legis, subject to whatever liens or priorities then existing which the bankruptcy law by its terms does not extinguish. People v. Waukegan State Bank, supra; People v. Marion Trust & Savings Bank, 347 Ill. 445, 179 N. E. 893; Marshall v. New York, supra; State of Oregon v. Ingram, 63 F.(2d) 417 (C. C. A. 9). Indeed, if appellant were correct in his assertion that bankruptcy was such a transfer of the debtor's property as would destroy the state's priority, section 64b (7) would wholly fail of its manifest purpose to preserve in bankruptcy whatever right of priority the creditor had under the laws of the state before the bankruptcy intervened.
Appellant maintains that, in any event, appellee is not entitled to recover $702.69 of the claim. This is the amount for which, on November 19, 1930, bankrupt sent the state his check upon a bank that closed its doors November 26, 1930, with the check theretofore not presented for payment. It is conceded that the check would have been paid if presented prior to the closing, and the contention is that, because of the omission to present the check for payment within reasonable time, the state must bear the loss. The rule as to presentation of checks is not applicable to the state. Smith-Hurd Ann. St. Ill. c. 120, § 142; paragraph 172, c. 120, Cahill's Ill. Rev. Stat. 1933, specifies: "The revenue for State purposes shall be collected in gold and silver coin, United States legal tender notes, current National bank notes and Auditors' warrants, and in no other currency."
In People v. Woods, 354 Ill. 224, 188 N. E. 369, the court, construing the statute, held that a check given the state by a collector for taxes collected by him is a conditional payment only, and the drawer of the check remains liable even if the check is not presented for payment within reasonable time. The statute as so construed and applied by the court is here applicable and controlling.
Contention is further made that there should have been no recovery allowed as penalty for delay in payment. The Motor Fuel Tax Law provides that interest at one per cent. a month shall be allowed as penalty for willful delay in payment to the state of the tax collected. Smith-Hurd Rev. St. Ill. 1929, c. 120, § 431; par. 93, c. 95a, Cahill's Ill. Rev. Stat. 1929. The matter of interest rates is within the power of the Legislature. People v. Baldwin, 287 Ill. 87, 122 N. E. 148. We find nothing in the record to indicate anything grossly excessive or inequitable in the interest fixed by the statute and carried into the judgment, and we are not at liberty to disturb its allowance.
We are of opinion that the District Court made proper disposition of the case, and its judgment is affirmed.